CASE 60—APPEAL TO CIRCUIT COURT—MAY 4.

## Menifee, Committee v. Ends.

APPEAL FROM LINCOLN CIRCUIT COURT.

1. JURISDICTION OF COUNTY COURT TO APPOINT COMMITTEE FOR IM-
BECILE—VERDICT OF JURY.—To give the county court jurisdiction
to take from a person his estate upon the ground that he is
incompetent to manage it, the reason or cause of the infirmity
as well as what estate is owned by the subject of the inquest
must be made to appear by the verdict. The statute authoriz-
ing such a proceeding should be strictly construed and literally
followed. The verdict of the jury upon an inquest in the county
court to the effect that appellee was "incompetent to take care of·
of her estate of amount $2,082.20," and asking that a committee
be appointed to take charge of the estate, and the judgment
of the county court in conformity to the verdict, were void, and
were properly so adjudged by the circuit court.

2. SAME.—The provisions of sec. 2162, Kentucky Statutes, apply only
to persons of "unsound mind," and appellee was not found either
by the verdict of the jury or the judgment of the court to be a
person of unsound mind.

W. H. MILLER, FOR APPELLANT MENIFEE COMMITTEE AND J. S. OWS-
LEY, JR., COMMONWEALTH'S ATTORNEY.

1. The whole proceeding in the county court was in every respect
regular and in strict conformity to the statute, and except as to
the selection of the committee not subject to the revision of
the circuit court. (Ky. Stats., secs. 2152, 2156, 2157, 2162.)

2. The circuit court had no jurisdiction, and appellant's motion and
demurrer should have been sustained. (Ky. Stats., secs. 2149,
2152, 2156.)

3. Even assuming that the circuit court had jurisdiction the af-
fidavit of Thomas Ends is insufficient, and appellant's demurrer
thereto should have been sustained. It must *appear* from the
affidavit that the inquest was false or fraudulent. (Ky. Stats.,
sec. 2160.) Formerly a mere *suggestion* of that fact was suf-
ficient. (Gen. Stats., chap. 53, art. 2, sec. 15.) But not so now.

4. Even if the judgment of the county court was void, appellee had
no remedy for a recovery of such money and property except
by an action by petition and summons. There is no law au-
thorizing the avoidance of a judgment of a court of inferior juris-

Menifee, Committee v. Ends.

diction by a judgment of a court of superior jurisdiction upon a summary proceeding like this.

R. C. WARREN AND W. G. WELCH FOR APPELLEE.

1. If the Kentucky Statutes gave the county court jurisdiction, by the summary methods and the "snap" judgment disclosed by this record, to deprive the appellee of her property rights, it would be violative of the constitutional guaranty that no one can be deprived of his property except by "due process of law." (74 N. Y., 234.)

2. The statute, however, does not give jurisdiction in this way over this class of cases. This summary method applies only to cases of persons of "unsound mind." (Ky. Stats., secs. 2158, 2162.) When the question of "incompetency" is to be determined a different oath is administered to the jury (Ky. Stats., sec. 2155); and there being no express statutory method of proceeding in this latter case, it seems that the only proper course is to file a petition in chancery, have process served and guardian *ad litem* appointed, etc. (Nailor v. Nailor, 4 Dana, 340; Morton v. Sims, 64 Ga., 298; Shaw v. Dixon, 6 Bush, 645; Mason v. Beazley, 10 Ky. Law Rep., 154.)

3. There is a fatal defect in the county court proceedings in that the jury do not find the reason of the incompetency. (Ky. Stats., sec. 2155.) Besides, they do not find that appellee is incompetent to manage her estate, but merely that she is incompetent to take care of a particular estate—to-wit, $2,082.20.

JUDGE EASTIN DELIVERED THE OPINION OF THE COURT.

On January 16, 1894, a warrant was issued by the judge of the Lincoln County Court, reciting, among other things, that there had been filed with him, by the county attorney of that county, in the absence of the Commonwealth's attorney of the district, information that Lucy Ann Ends, the appellee, was, by reason of old age, of such imbecile and unsound mind as to render her incompetent to manage her estate. The warrant was addressed to the sheriff, and commanded him to bring appellee into court on the next day, January 17th, that the matter might be inquired into. The writ was executed by the officer, and appellee being in court

on the day fixed, a jury was impaneled and a verdict returned to the effect that appellee was "incompetent to take care of her estate of amount $2,082.20," and asking that a committee be appointed to take charge of it.

The county court thereupon entered a judgment in conformity with the verdict, and subsequently appointed appellant as the committee of appellee. It appears that the information on which the warrant was based consisted of an affidavit made by two of the daughters of appellee to the effect that, by reason of old age, their mother was incompetent to manage her estate.

On the 16th day of February, 1894, one Thomas Ends, a son of appellee, produced and filed in the circuit court of Lincoln county, a transcript of the above-mentioned proceedings in the county court, together with his own affidavit, in which he stated, among other things, that appellee was a person of sound mind and perfectly competent to manage her estate, that no suggestion of incompetency on her part had ever been heard of until a very short time before, when she had come into possession of the sum of $2,492.20, as a pensioner of the United States, and that the inquest and judgment of the county court, adjudging her to be incompetent, were false and fraudulent, and asking that the matter be inquired into. Appellant, being served with process, appeared in this proceeding in the circuit court, and after filing a general demurrer, and a motion to dismiss the proceeding, both of which were overruled, filed an answer on the 7th day of March, 1894. A jury was then impaneled to try the issue, but after hearing the evidence and arguments, and considering the case under the instructions of the court, reported that they could not agree upon a verdict, and were discharged by the court on March 9, 1894.

Appellee then gave notice in writing to appellant that she

would, on the following day, move the court, upon the record of the proceedings in the Lincoln County Court, wherein she had been adjudged to be incompetent to manage her estate, and wherein appellant had been appointed as her committee, to vacate and set aside said orders, and said motion coming on to be heard on March 10, 1894, over the objection of appellant, it was in substance adjudged by the circuit court that the county court acquired no jurisdiction of the matters involved, by the affidavit and warrant referred to, that the verdict of the jury in that court, and the judgment based thereon, were null and void, and that appellant, as committee, should restore to appellee at once all money and property which had come to his hands by virtue of his appointment as such, to all of which appellant excepted and prayed an appeal, which prayer was refused by the court below, but subsequently an appeal from said judgment was granted by the clerk of the court, and the matter is thus brought before us for consideration.

It seems to us unnecessary, in arriving at a correct solution of this controversy, to consider in detail all the objections urged by appellant and appellee respectively against the regularity and validity of the judgments and proceedings in the two lower courts, which are here brought in question, appellee here contending that the action of the county court was null and void, and appellant urging the same thing as against the proceedings in the circuit court. The contention of each side is presented with much force and ability, and it may be true that in neither of the lower courts were the proceedings entirely satisfactory or beyond criticism.

As to the circuit court proceeding, it may be said that it can not be told whether it was conducted as an appeal from the judgment of the county court under sec. 2152, or as an

original proceeding under sec. 2160, Kentucky Statutes. An appeal bond was executed as though the former proceeding was intended, but still the court, on the statement in the affidavit of Thomas Ends that the county court inquest was false and fraudulent, proceeded to try the question before another jury and to hold a second inquest upon the capacity of appellee, as though proceeding under the other section.

But, however this may be, we are satisfied that the proceedings in the county court were absolutely void, and that the conclusion reached by the circuit court, adjudging them to be of no effect, is the correct conclusion.

Without discussing or deciding the question whether or not the county court warrant, issued upon the affidavit of appellee's daughters, and the inquest held in pursuance thereof, were based and instituted upon the application of the county attorney, within the meaning of sec. 2162, Kentucky Statutes, it is sufficient to say that the provisions of that section apply only to persons of "unsound mind," and that appellee was not found, either by the verdict of the jury or the judgment of the court in that proceeding, to be a person of unsound mind.  The verdict of the jury neither found this fact, nor did it find the cause or the reason of appellee's incompetency to manage her estate, as is, in our judgment, clearly demanded by the statute.  The judgment of the court entered thereon was equally defective.  The verdict was: "We of the jury find that Lucy Ann Ends is incompetent to take care of her estate of amount $2,082.20, and ask that a committee be appointed to take charge of it."  The judgment of the court rendered in pursuance of that verdict, and the only judgment that it justified, was: "It is therefore adjudged that said Lucy Ann Ends is incompetent to

manage her estate which amounts to $2,082.20, and that a committee should be appointed for her, which is ordered."

The jurisdiction of the courts to assume the care and custody of the estates of persons incompetent to manage their own estates, is limited under the statute to certain classes of incompetents.   Sec. 2149, Kentucky Statutes, furnishes the authority invoked in this case and specifies the cases in which it may be exercised.   It is true that the warrant issued against appellee charges that she belongs to one of those classes, viz.: that "by reason of old age, she is of such imbecile and unsound mind as to render her incompetent to manage her estate."   But, while this was the very question to be inquired into and ascertained by the inquest, the verdict and the judgment are, as we have seen, absolutely silent on this point. As further evidence of the importance of showing within what class the incompetent may come, it is expressly provided by sec. 2155, Kentucky Statutes, with reference to the oath to be administered to the jury on these inquests, that it shall be "in such form as to ascertain *by the verdict* whether such person, by reason of bodily infirmity, disabling him from making his thoughts and desires known, or by reason of any infirmity or weight of age, is in-competent to manage his estate, and also what estate he owns in possession, reversion or remainder, and the value thereof."

It is manifest that the reason or cause of the infirmity must be made to appear "by the verdict," as well as what estate is owned by the subject of the inquest, and in both of these particulars this verdict is fatally defective.   So far as it shows, the incompetency in this case might be the result of infancy as well as of old age, or of lack of business experi-ence or other cause, incapacitating and rendering appellee incompetent of managing her estate, and which might or

might not be embraced within the provisions of the statute giving jurisdiction in such cases.

This statute, like those governing the control and sale of infant's real estate, should be strictly construed and literally followed. It affects the property rights of a large class of unfortunate people who are entitled to know, and to have the jury and the court declare, upon what grounds they are deprived of one of their most sacred and inviolable privileges—the right to manage and control, for themselves and as they may see fit, that which is their own.

For the reasons indicated, the judgment of the Lincoln Circuit Court, adjudging the proceedings of the county court which declared appellee to be incompetent of managing her estate and appointing appellant her committee to be void, and also adjudging that appellant restore to appellee all money and property that came to him as such committee, is affirmed.