CASE 59—PROCEEDING TO APPOINT COMMITTEE FOR INCOMPETENT—DEC. 2.

# Hendricks, Etc. v. Settle, Etc.

APPEAL FROM WARREN CIRCUIT COURT.

1. COUNTY COURTS—JURISDICTION—APPOINTMENT OF COMMITTEE.—By section 2149 of the Kentucky Statutes jurisdiction is conferred on the county courts of the subject-matter of the determination whether a person is incompetent to manage his estate; and if so, to appoint a committee.

2. SAME—JURISDICTION OF PERSON.—Filing a general demurrer raising the question of jurisdiction of the subject-matter and of the person, without reservation, entered the defendant's appearance; but if not, the execution of a supersedeas bond on appeal to the circuit court brought the defendant into the latter court for jurisdictional purposes.

3. APPEALS TO CIRCUIT COURTS—PRACTICE.—On an appeal to the circuit court from a judgment of the county court adjudging a defendant an incompetent and appointing a committee the questions of fact should be tried *de novo*.

EDWARD W. HINES IN A BRIEF AND SUPPLEMENTAL BRIEF FOR APPELLANTS. (SIMS & COVINGTON AND W. E. GARTH OF COUNSEL.)

1. No notice was required to give the court jurisdiction to hold the inquest. Lackey v. Lackey, 8 B. Mon., 107; Chavannes v. Priestly, 80 Iowa, 316; Ky. Stats., secs. 2157, 2160.

2. If notice would otherwise have been required the fact that defendant was represented by counsel was sufficient to dispense with notice. Martin v. Motsinger, 130 Ind., 555.

3. Defendant by questioning the court's jurisdiction of the subject-matter entered his appearance. McDowell v. C. & O. Ry. Co., 90 Ky., 346; C. & O. Ry. Co. v. Heath's Admr., 87 Ky., 660; Groves v. Grant County Court, 42 W. Va., 587; York v. Texas, 137 U. S., 15.

4. In any event the circuit court erred in dismissing the proceeding, as it had jurisdiction of the subject-matter and should have proceeded to hold the inquest, defendant having entered his appearance by appealing. Ky. Stats., sec. 2156; C. & O. Ry. Co. v. Heath's Admr., 87 Ky., 660; L. & N. R. R. Co. v. Sanders, &c., 11 Ky. Law Rep., 53.

W. E. GARTH AND SIMS & COVINGTON ALSO FOR APPELLANT.

1. In a proceeding to have a defendant declared an incompetent notice upon him is not necessary, and in this case the personal presence of the defendant was dispensed with strictly in accordance with the terms of the statute. Ky. Stats., sec. 2157.

2. And in a case of this kind the proceeding may be commenced by petition by a next friend. Nailor v. Nailor, 4 Dana, 339; Shaw v. Dixon, 6 Bush, 644; Howard v. Howard, 87 Ky., 616.

LOUIS McQUOWN IN A BRIEF AND SUPPLEMENTAL BRIEF FOR APPELLEE.

1. A proceeding to have a person adjudged of unsound mind is a special proceeding, and summons must be served as provided in the Civil Code. Civil Code, sec. 53.

2. If not served upon the person charged, and one of the persons named in the Code, for him, the proceeding and judgment are void. Lloyd's Admr. v. McCauley's Admr., 14 B. Mon., 430.

3. The provision of the statute (sec. 2157), which dispenses with the *presence* of the person charged, at the inquest, does not dispense with *notice.* The proceeding and judgment are void, without such notice. Lackey v. Lackey, 8 B. Mon., 107; Mason v. Beazley, 10 Ky. Law Rep., 154; Morton v. Sims, 64 Ga., 298; McCurry v. Hooper, 12 Ala., 823; Wait v. Maxwell, — Pick., 217; Brooms' Legal Maxims, p. 113.

4. The statute authorizing inquests must be strictly construed in favor of the persons charged. Menefee v. Ends, 17 Ky. Law Rep., 282.

5. No one can be adjudged incompetent to manage, or be deprived of the control of, his estate without notice and opportunity to be heard. Mason v. Beazly, 10 Ky. Law Rep., 154.

6. It is not the duty of the circuit court, on appeal from void inquest in county court, to hold another one, but only to adjudge a restoration of property. Menefee v. Ends, 17 Ky. Law Rep., 280.

7. It is indispensably necessary before either the person or property of another can be placed in the custody of a committee that he be found by the verdict of the jury and judgment of the court to be of "*unsound mind.*" In the absence of such finding, the proceeding is void. Menefee v. Ends, 17 Ky. Law Rep., 280; Ky. Stats., sec. 2162.

EDWARD W. HINES FOR APPELLANT IN REPLY.

The case of Menefee v. Ends, 17 Ky. Law Rep., 280, does not hold that before a committee can be appointed there must be an adjudication that the defendant is of unsound mind.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

This proceeding was begun by appellant, Hendricks, filing in the Warren County Court his petition, acting as next friend of S. W. Settle, asking that, by reason of the fact that S. W. Settle is wholly incompetent to manage or control his estate, a committee be appointed for said Settle. The causes given for the incompetency of mind are disease and other bodily infirmities. A summons was issued, and was returned executed on S. W. Settle by delivering a copy to Mamie Settle, wife, etc. At the regular term of the county court there appeared therein a regular practicing attorney of that court, and filed a demurrer to the jurisdiction of the court, both as to the subject-matter and the person of S. W. Settle. This demurrer was overruled, and a jury was impaneled and the case tried. S. W. Settle was not present in court, but the affidavits of two regular practicing physicians were filed, showing that they each had recently examined Settle, and that it would be unsafe to bring him into court for the purposes of attending the trial.

The jury returned a verdict that S. W. Settle was incompetent to manage his estate by reason of mental and bodily infirmity brought about by the excessive use of alcoholic liquors and other strong drinks, also found the amount, kind and value of estate, giving a minute description thereof. The county court thereupon rendered judgment upon the verdict, and appointed appellant, Hendricks, committee for said Settle.

From that judgment of the county court an appeal was prosecuted by Mamie Settle, for herself and as next friend of her husband, S. W. Settle, to the Warren Circuit Court. In the circuit court a demurrer to the jurisdiction of the county court was sustained, for the reason, as the

judgment recites, that the county court had no jurisdiction over the person of S. W. Settle. The circuit court, therefore, adjudged that the verdict of the jury on the inquest and the judgment thereon appointing appellant, Hendricks, committee, were void and of no effect, and the proceedings were dismissed. From that order and judgment this appeal is prosecuted.

Section 2149, Kentucky Statutes, gave the county court jurisdiction of the subject-matter of the action. The verdict of the jury and the judgment of the county court thereon are regular, finding and adjudging every fact necessary, as provided by statute.

Waiving the question as to the sufficiency of the summons on the wife of Settle, he being alleged to be incompetent to transact any business, we are inclined to the opinion that the filing of a demurrer in the county court, as to the jurisdiction of the person, without any reservation therein, entered the appearance of Settle to the proceeding.

But, if we be mistaken in this, it is clear that by the execution of the supersedeas bond and the appeal to the circuit court that court acquired jurisdiction of the person of S. W. Settle. Chesapeake, etc., Railroad Co. v. Heath's Adm'r, 87 Ky., 660, [9 S. W., 832].

The trial in the circuit court being a trial *de novo*, and not simply to affirm or reverse the trial in the county court, that court should have impaneled a jury, and tried the question presented by the petition as though it had been originally filed in the circuit court.

The circuit court could not reverse and remand to the county court for trial or other proceedings, and, it being clear that that court had jurisdiction of the sub-

ject-matter, the proceeding could not be dismissed by the circuit court.

The circuit court having acquired jurisdiction of both the subject-matter and parties by the appeal, should have proceeded to trial. Appellee contends that the action of the circuit court herein in dismissing the action was not error, and cites, to support this contention, Menefee Committee v. Ends, 97 Ky., 388, [30 S. W., 881].

In that case the jury in the county court failed to find any reason of incompetency; likewise this was omitted in the judgment. In the circuit court a notice was given, and motion was entered, to vacate and set aside the orders and judgment of the county court. This was done after a mistrial by a jury on an affidavit filed under section 2160, Kentucky Statutes. The court said: "As to the circuit court proceeding, it may be said that it can not be told whether it was conducted as an appeal from the judgment of the county court, under section 2152, or as an original proceeding, under section 2160, Kentucky Statutes."

The effect of that decision is that in proceedings of this character it is necessary that by the verdict of the jury must appear the reason or cause of the infirmity, as well as what estate is owned by the subject of the inquest. If these facts are not found by the jury, the verdict and judgment rendered thereon are void, and will, under proper proceedings, be so held.

But it was not held that on appeal to the circuit court that court could dismiss a proceeding begun in the county court because the judgment was void for want of jurisdiction of the person.

The case of Menefee Committee v. Ends is not in point here.

This is clearly not a proceeding under section 2160, but under section 2152, and under that section the question on appeal is by a trial *de novo* of the question presented in the county court, except that by appeal jurisdiction of the person may be acquired, where the county court did not have jurisdiction.

For the reasons indicated, the judgment dismissing the proceeding is reversed, and cause remanded for a trial *de novo* and for proceedings consistent herewith.