## Fitzpatrick v. Young, Judge.

### (Decided October 1, 1914.)

### Petition for Writ of Prohibition.

1. Prohibition—When Writ of Will Issue by This Court.—When the judge of a circuit court is acting in a matter without the jurisdiction of the court, as for example entertaining an appeal from an inferior court when an appeal does not lie, this court will issue a writ of prohibition restraining him from hearing or determining the appeal.

2. Prohibition—Waiver of Right to Apply for Writ—Remedy by Appeal.—Where an appeal was prosecuted from the county court to the circuit court, and the appellee in due time demurred to the jurisdiction of the court and moved to dismiss the appeal, which motions were overruled, he did not thereafter waive his right to apply to this court for a writ of prohibition by submitting to a trial of the appeal that resulted in a disagreement of the jury, pending which this writ was applied for. Nor does the fact that the petitioner has an adequate remedy by appeal from an adverse judgment of the circuit court deny him the right to apply for the writ when the circuit court is acting without its jurisdiction.

3. Insane Persons—Right of Appeal from Judgment of County Court. —Under sections 978 and 2152, of the Kentucky Statutes, an appeal lies to the circuit court from a judgment of the county court adjudging that a person theretofore found incompetent to

manage his estate has been restored to his proper senses, and this appeal may be prosecuted by the committee or any person interested in the estate of the incompetent, if the effect of the judgment of restoration is to remove the committee, although the judgment may not in terms remove him.

DENIS DUNDON and H. B. KINSOLVING for petitioner.

ROBERT H. WINN, H. R. PREWITT, O'REAR & WILLIAMS and HENRY WATSON for respondent.

OPINION OF THE COURT BY JUDGE CARROLL—Refusing writ:

This is an application to this court by the petitioner Fitzpatrick asking that we issue a writ of prohibition against the Hon. W. A. Young, judge of the circuit court for the 21st district, to restrain him as judge of the court from entertaining jurisdiction of an appeal prosecuted to the circuit court of Montgomery County from the county court of that county.

The question arises in this way: In May, 1911, the petitioner, Fitzpatrick, was adjudged, in a proper proceeding had in the Montgomery County Court, to be a person of unsound mind and incompetent to manage his estate. Thereafter, in January, 1914, by other proceedings duly had in the Montgomery County Court, it was adjudged that he was restored to his right mind and entitled to the custody and control of his estate. A few days after this judgment was entered in the county court, A. S. Hart, who had been appointed by the Montgomery County Court as committee for Fitzpatrick, and who was acting as committee when the judgment of restoration was entered, prosecuted, in connection with the wife of Fitzpatrick, an appeal to the Montgomery Circuit Court by executing before the clerk of that court an appeal bond and filing a certified copy of the judgment of restoration entered in the Montgomery County Court. When the certified copy of the judgment was filed with the clerk of the Montgomery Circuit Court and the appeal bond executed before him, the clerk issued a supersedeas directing the county judge of Montgomery County to stay all proceedings on the judgment of restoration and to transmit to the clerk's office of his court all the original papers in the proceeding. A summons was also issued against Fitzpatrick to appear before the Montgomery Circuit Court on the first day of its April term to answer the appeal.

It appears from the record that the January term of the Montgomery Circuit Court convened a few days after the appeal was prosecuted, and on January 20th Fitzpatrick, by his counsel, appeared in the circuit court for the sole purpose of moving the court to put the appeal on the docket for the January term of the court. This motion the court overruled, to which ruling exception was taken.

On the first day of the April term of the court, that being the term to which the appeal was an appearance and to which Fitzpatrick had been summoned to answer the appeal, counsel for Fitzpatrick came into court and entered a demurrer to the jurisdiction of the court and also moved the court to dismiss the appeal. The judge, entertaining the view that the circuit court had jurisdiction of the subject matter of the action and that the appeal was properly prosecuted, overruled the demurrer to the jurisdiction of the court and also the motion to dismiss the appeal. Thereupon, during the April term of the court, the case, on the issue as to whether Fitzpatrick was of sound mind and capable of managing his estate, went to trial before a jury, the trial resulting in the failure of the jury to agree. Upon the discharge of the jury the case was continued to another term of the court, and pending the postponement the petition for this writ of prohibition was filed in this court.

Although other questions are presented for our consideration, the principal matter to be decided is, did the Montgomery Circuit Court have jurisdiction to entertain the appeal taken from the judgment of the county court adjudging Fitzpatrick to be a person of sound mind and competent to manage his estate?

We, are, however, met at the threshold with the proposition that the writ should be denied because the right to secure a writ of prohibition, if one existed, was waived.

But we do not think the petitioner by anything done in his behalf in the circuit court, waived his right to apply to this court for the writ of prohibition. It is true that a motion in his behalf was made in the Montgomery Circuit Court to docket the appeal before he was regularly before the court and before the case was due to be put on the docket of the court for trial, but it appears that this effort was made to docket the case for the sole purpose of challenging the jurisdiction of the court as soon as the appeal was docketed. When the court over-

ruled the motion to put the appeal on the docket, no further steps were taken in it by either party until the first day of the next term of court, when the jurisdiction of the court was assailed in the manner hereinbefore set forth.

It will thus be seen that the petitioner at the earliest possible moment put in issue the jurisdiction of the court.

The circuit court has under the statute original jurisdiction of proceedings like this, and of course if the petitioner had voluntarily submitted himself to the jurisdiction of the court he could not thereafter question, by a writ of prohibition, the jurisdiction of the court to hear and determine the case; but when he challenged at the first opportunity the jurisdiction of the court and sought to have the appeal dismissed because the court had no jurisdiction of it, he saved in every way that he could save his right to question in this proceeding the jurisdiction of the court. If in fact the court had no jurisdiction, the petitioner did not waive his right to raise the question by submitting to a trial of the appeal after the court had overruled the timely motion made to dismiss it for want of jurisdiction. Hughes v. Hardesty, 13 Bush, 364; Davidson v. Johnson, 113 Ky., 202.

Another reason advanced why the writ should not go is that the petitioner had the right of appeal to this court from an adverse judgment in the circuit court, and, therefore, had an adequate remedy through the ordinary channels of the law without resorting to the extraordinary writ sought to be here obtained.

Section 479 of the Code provides that "The writ of prohibition is an order of the circuit court to an inferior court of limited jurisdiction, prohibiting it from proceeding in a matter out of its jurisdiction;" and this court, in pursuing the authority granted to it by section 110 of the Constitution "to issue such writs as may be necessary to give it a general control of inferior jurisdictions," has, with few exceptions, been controlled in the issual of the writ by the Code provision limiting it to cases in which the court against which the writ was sought was proceeding out of its jurisdiction. Save in a few exceptional cases, when the lower court had jurisdiction of the subject matter and the parties and there was an adequate remedy by appeal, this court has refused to issue a writ. White v. Kirby, 147 Ky., 496; Rush v. Denhard, 138 Ky., 235; Carey v. Sampson, 150 Ky., 460. But we know of no

instance in which the writ has been denied when it appeared that the circuit court was proceeding without authority and the parties had not waived their right to raise the question. Campbellsville Telephone Co. v. Patterson, 114 Ky., 52; Carey v. Sampson, 150 Ky., 460; Jenkins v. Berry, 119 Ky., 350; Renshaw v. Cook, 129 Ky., 347.

With these matters out of the way, we are brought to consider whether the Montgomery Circuit Court had jurisdiction of the appeal. If it did, the writ must be denied. If it did not, it should be granted.

It is conceded that the right of appeal is a creature of the statute, and that unless the right to prosecute an appeal can be found in the statute an appeal will not lie. Therefore, we must look to the statutory provisions on the subject and find from them if an appeal lies to the circuit court from the judgment of the county court determining that a person who had formerly been declared of unsound mind and incompetent to manage his estate has been restored to his right senses.

Section 2149, of the Kentucky Statutes, gives to circuit and county courts original jurisdiction of the care and custody of the persons and estates of idiots, lunatics and those who are incompetent to manage their estates, "and also over their committees, with power to appoint, suspend and remove their committees."

Section 2151 provides that a committee shall not be appointed for an idiot, lunatic, or incompetent person unless he has been heretofore or may hereafter be found to be such by the circuit court or county court in the county of his residence by the inquest of a jury, as provided in this chapter.

Section 2152 provides that "an appeal may be taken to the circuit court from the judgment of the county court appointing or removing, or failing to appoint or remove, a committee. The appeal shall be prosecuted within the time and in the manner allowed for prosecuting an appeal to the circuit court from the judgment of the quarterly court, and may be taken by any person interested in the person or estate of the idiot, lunatic, imbecile or incompetent person, who shall execute a bond for costs as in other appeal cases."

Section 978 provides that "appeal may be taken to the circuit court * * * from all judgments of the county court where the amount in controversy is over fifty dollars, exclusive of interest and cost; and from all

judgments and orders of said court in cases of bastardy, or in the settlement of the accounts of personal representatives, assignees, guardians, trustees, curators and other fiduciaries, and from orders granting, revoking or refusing letters testamentary or of administration, or appointing or refusing to appoint, or removing curators, guardians, trustees or committees of estates. * * *,,

These are the only statutory provisions pertinent to the question under consideration. The judgment in the county court, from which the appeal to the circuit court was prosecuted, did not in words or terms expressly remove Hart as committee. It reads: "The jury empanelled and sworn herein having heretofore on January 9, 1914, returned into court a verdict that W. T. Fitzpatrick has been restored to his proper senses, it is, therefore, adjudged that said W. T. Fitzpatrick has been restored to and is now a person of his proper senses and is entitled to the restoration of all his property, to all of which judgment A. S. Hart as committee of W. T. Fitzpatrick excepts."

Although this judgment does not mention the committee or make any express direction concerning him, the necessary effect of the judgment was of course to remove Hart as committee and restore to the petitioner the control and possession of his estate that had been placed in the control and possession of Hart when he was appointed committee.

This being the condition of the record, it is urged in behalf of the respondent that the judgment in effect removed the committee, and this being so, an appeal to the circuit court in his behalf was expressly authorized by section 2152. On the other hand, it is contended by counsel for the petitioner that the phraseology of section 978, authorizing an appeal to the circuit court from orders appointing or refusing to appoint, or removing or failing to remove a committee, and section 2152 permitting an appeal from the judgment of the county court appointing or removing a committee, only apply to states of cases in which the appeal is taken from an order of the county court directly appointing or refusing to appoint a committee, or removing or failing to remove a committee, and that this right of appeal is limited to rulings affecting only the committee and does not extend to a judgment the effect of which is to restore a person to his right mind and the management of his estate, al-

though the effect of such judgment may be to remove the committee.

In the disposition of this question we have reached, after much consideration, the conclusion that an appeal lies to the circuit court from the judgment of the county court finding that a person has been restored to his proper senses and is competent to manage his estate, when the effect of the judgment is to remove the committee. And that this appeal may be prosecuted, as provided in section 2152, by any person interested in the person or estate of the incompetent. This description embraces the committee that has been removed as well as the wife or other person interested in the incompetent or his estate.

When, under a proceeding instituted in the county court a person is found incompetent to manage his estate, the court is expressly given, by section 2149, the power to appoint, suspend or remove the committee as an incident to the finding of incompetency.

Under this statute it seems to us quite clear that if a person was found incompetent to manage his estate, and a committee was appointed by the county court to take charge of his estate, any person interested could, under section 2152, prosecute an appeal from the order appointing the committee, and upon this appeal the circuit court would have jurisdiction to determine whether a committee should be appointed. This would necessarily involve an inquiry into the soundness of the mind of the person charged to be incompetent, and if as a result of this inquiry in a *de novo* proceeding in the circuit court it should be ascertained that the person was incompetent to manage his estate, it would be the duty of the circuit court to appoint a committee.

This being so, it would seem to be equally clear that when the appeal is prosecuted by the committee, or some person interested, from an order or judgment of the county court, the effect of which is to remove the committee, it would be the duty of the circuit court to inquire *de novo* into the question and determine whether or not a committee should be appointed. If the circuit court can inquire into the mental condition of a party, on appeal from a judgment appointing a committee for a person charged to be incompetent, we perceive no reason why a like appeal and a like inquiry should not be had in the circuit court from a judgment of the county court

declaring a person restored to his proper senses that had the effect of removing the committee.

It is as important that the estate of an incompetent person should be placed in charge of a committee as that the estate of a competent person should be delivered over to him, and we think it was the purpose of the statute, in allowing an appeal from an order appointing or removing a committee, to have the question of the necessity for a committee inquired into in the circuit court, whether the appeal be from an order appointing a committee as a result of a finding of incompetency, or removing a committee as the result of a finding of mental restoration.

Counsel for the petitioner concede the right of appeal from an order appointing a committee, but they insist that no appeal lies from an order removing a committee unless it be an order affecting the committee alone and leaving unaffected the status of the incompetent. In other words, their position is that no appeal lies from a judgment of the county court finding that a person has been restored to his proper senses and is competent to manage his estate, although the necessary effect of the judgment is to remove the committee.

We think this is too narrow a construction of the statute, and we do not find anything that would warrant us in holding that an appeal will lie from an order removing a committee, as for cause, but not from an order removing him as in this case. The statute does not in any way limit the right of appeal from an order of removal, and so we give the words used their ordinary and natural meaning. Of course an appeal may be taken from an order removing a committee for cause not affecting the condition of his ward, and when such an appeal is taken there would be no necessity for an inquiry in the circuit court into the condition of the ward's mind; but where the removal follows a judgment of restoration, then there should be such inquiry on the appeal.

In Menifee v. Ends, 97 Ky., 388, it appears that in January, 1894, on information filed, Mrs. Ends was adjudged in the Lincoln County Court incompetent to manage her estate, and Menifee was appointed committee. In the February following Thomas Ends, a son of Mrs. Ends, filed in the Lincoln Circuit Court a transcript of the county court proceedings and also his affidavit stating that Mrs. Ends was competent to manage her estate, and asked that the judgment of the county court, which

he averred was false, be inquired into. To this circuit court proceeding Menifee, after being served with process on the appeal, appeared and filed a demurrer and motion to dismiss, both of which were overruled. A jury was then empanelled to try the issue as to the competency of Mrs. Ends, but being unable to agree was discharged.

After this, as a result of motions made and had in the Lincoln Circuit Court, the judgment of the Lincoln County Court was held to be void and Menifee, as committee, was ordered to restore to Mrs. Ends the property that came into his hands. From this judgment Menifee, as committee, prosecuted an appeal to this court. This court, in affirming the judgment of the circuit court on the ground that the proceedings had in the county court were void for defects in the proceedings had in that court, said:

"As to the circuit court proceeding, it may be said that it can not be told whether it was conducted as an appeal from the judgment of the county court under section 2152, or as an original proceeding under section 2160, Kentucky Statutes. An appeal bond was executed as though the former proceeding was intended, but still the court, on the statement in the affidavit of Thomas Ends that the county court inquest was false and fraudulent, proceeded to try the question before another jury and to hold a second inquest upon the capacity of appellee, as though proceeding under the other section. But, however this may be, we are satisfied that the proceedings in the county court were absolutely void, and that the conclusion reached by the circuit court, adjudging them to be of no effect, is the correct conclusion."

Clearly Thomas Ends, as the son of Mrs. Ends, was interested in her person as well as her estate, and, therefore, had the right, under section 2152, to prosecute an appeal from the judgment of the county court appointing Menifee committee.

In Stewart v. Taylor, 111 Ky., 247, on a trial in the Butler County Court, Nancy Taylor was found incompetent to manage her estate and Stewart was appointed committee. After this, in a proceeding to re-examine into the condition of her mind, she was found to be of sound mind and capable of managing her estate. Accordingly, the county court entered a judgment removing Stewart as her committee. From this judgment.

Stewart prosecuted an appeal to the circuit court. Mrs. Taylor entered a motion in the circuit court to have the appeal dismissed, and on that motion the admitted facts showed that the judgment of the county court declaring her incompetent was void, and the circuit court so held and thereupon dismissed Stewart's appeal. It appears from the opinion that both parties to the appeal consented to a trial of the case in the circuit court on its merits, involving the validity of the county court judgment of incompetency, and so the only matter disposed of by this court related to the validity of the county court judgment.

In Upton's Committee v. Bush, 135 Ky., 102, it appears that Upton was found by the verdict and judgment of the Larue Circuit Court to be incompetent to manage his estate, anl a committee was appointed. After this, by proceedings had in the circuit court of Larue as well as the county court of Hardin, Upton having removed to the county of Hardin, he was found by the verdict of a jury to be of sound mind. In holding that the proceedings in the Hardin County Court might be disregarded as of no effect, the court said:

"The court which found the person to be of unsound mind is the tribunal that should open up the judgment in the case; for the person is a ward of that court, and his estate is in its custody till the judgment is vacated. Consequently the Hardin County Court had not jurisdiction to inquire into the matter."

In reference to the proceeding had in the Larue Circuit Court, under which Upton was found to be of sound mind, the court held them to be unauthorized upon the ground that after a person has been found incompetent the statute permits but one subsequent inquiry, namely: Has the original condition ceased to exist or was the first inquest obtained by fraud or was the inquest false when judgment was entered. It recognizes that a verdict and judgment regularly entered fixes the status of the party except where the proceeding was tainted by fraud or was false. Then, after finding from facts that no change had taken place in the mental condition of Upton from the time he was found to be of unsound mind by the Larue Circuit Court, it was held that all the inquests after this were irregular and unauthorized.

In Hendricks v. Settle, 107 Ky., 344, it appears that S. W. Settle was found by the judgment of the Warren County Court incompetent to manage his estate, and fol-

lowing the finding Hendricks was appointed his committee. From the judgment of the county court an appeal was prosecuted to the Warren Circuit Court by the wife of Settle in her own name and as the next friend of her husband. In the circuit court a demurrer to the jurisdiction of the county court was sustained upon the ground that the county court had no jurisdiction over the person of S. W. Settle. From the judgment of the circuit court annulling the county court judgment and the appointment of Hendricks, as committee, Hendricks appealed to this court. In the course of the opinion the court said:

"It is clear that by the execution of the supersedeas bond and the appeal to the circuit court that court acquired jurisdiction of the person of S. W. Settle. The trial in the circuit court being a trial *de novo,* and not simply to affirm or reverse the trial in the county court, that court should have empanelled a jury and tried the question presented by the petition as though it had been originally filed in the circuit court. * * * The circuit court having acquired jurisdiction of both the subject-matter and parties by the appeal, should have proceeded to trial."

It further said: "This is clearly not a proceeding under section 2160, but under section 2152, and under that section the question on appeal is by a trial *de novo* of the question presented in the county court, except that by appeal jurisdiction of the person may be acquired, where the county court did not have jurisdiction."

The judgment of the circuit court was reversed, with directions for a trial *de novo* into the state of S. W. Settle's mind. It will be observed that in this case an appeal was prosecuted to the circuit court by the wife of S. W. Settle from a judgment of the county court declaring him to be incompetent and appointing a committee. This appeal, as said by the court, was prosecuted under the authority of section 2152, which expressly permits an appeal to the circuit court, by any person interested, from a judgment of the county court appointing a committee. When the case came to the circuit court on appeal, the circuit court having jurisdiction of the subject-matter and of the parties, should, as was held, have tried the case *de novo* and not dismissed it.

It does not appear that in any of these cases the precise question we have was decided, taking into account the objections raised by petitioner to the jurisdiction of

the circuit court. But the spirit and reasoning, if not the letter, of the opinions recognize that on an appeal to the circuit court from the judgment of the county court, either appointing or removing a committee following a finding of restoration there should be a trial *de novo* in the circuit court into the soundness of mind of the person charged to be incompetent, and this seems to us the proper construction of the statute.

Being of the opinion that an appeal lies to the circuit court from a judgment of the county court finding that a person has been restored to his proper senses and is competent to manage his estate, when the effect is to remove the committee, it follows that the circuit court had jurisdiction to hear and determine the appeal as a *de novo* proceeding in that court.

Wherefore, the whole court sitting, the writ of prohibition is denied and the petition dismissed.