## Roediger v. Caldwell, Judge, etc.

(Decided November 3, 1922.)

### On Petition for Writ of Prohibition.

1. Injunction—Restraining Order—Notice.—Section 276 of the Civil Code of Practice authorizes the issuance of a restraining order without notice, where the officer issuing it, including the circuit clerk in certain circumstances, shall be satisfied, by the facts set out in the affidavit of the applicant or by other evidence, that irreparable injury would result to the applicant from the delay in giving notice.

2. Injunction—Restraining Order—Bond.—As a condition precedent to the issuing of any restraining order under section 276 of the

Code, the applicant for the order shall give bond as required by subsection 3 of section 278 of the Civil Code.

3. Injunction—Restraining Order—Notice.—A restraining order which in its nature furnishes all the relief that can be obtained, or which will have the effect of a final adjudication of the matter in controversy, cannot be issued without notice of an application therefor, but the order may be issued without notice under certain conditions mentioned in section 276 of the Civil Code, if it is temporary in its nature and can, on a proper showing under section 290 of the Code, be set aside or modified and the subject matter of the litigation thereafter determined on its merits.

4. Injunction—Restraining Order—Vacating Order.—The vacating of a restraining order at the direction of a judge of this court is binding on the lower court and cannot be avoided in a new suit involving substantially the same facts, but if the facts in the second proceeding are entirely different from those in the first, the validity of the restraining order issued in the second action is unaffected by the rulings and proceedings in the first.

WILLIAM F. CLARK for appellant.

C. W. YUNGBLUT and DOWD WHITE for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Overruling the motion and denying the writ.

On petition and motion in this court, Paul B. Roediger seeks an order prohibiting A. M. Caldwell, judge of the circuit court of Campbell county, from proceeding in the matter of a motion for a temporary injunction against the petitioner in an action pending in that court, and from taking in the same action any steps in a contempt proceeding pending against the petitioner for violating a restraining order issued by the clerk of the court.

The application attacks the validity of the restraining order issued by the clerk, as well as the rule issued by the judge requiring the petitioner to show cause why he should not be punished for contempt for violating the order. It is alleged in the petition filed here that on June 5, 1922, the trustees of St. Paul's German Evangelical Protestant Church, at Alexandria, Campbell county, Kentucky, procured from the judge of the Campbell circuit court a temporary injunction prohibiting the petitioner, who had theretofore been pastor of the church, from holding religious services therein, and thereafter the petitioner, on application to a judge of this court, procured an order directing the dissolution of the injunction; that on August 18, 1922, the same trustees, claiming to act for the church, filed a second action in

the Campbell circuit court against the petitioner, and procured from William H. Newell, clerk of that court, in the absence of the presiding judge from the county, another order restraining and enjoining the petitioner from conducting services in the church building. It appears that after that order was issued the petitioner conducted services in the church building, and thereupon one of the trustees filed his affidavit in the Campbell circuit court and moved the court for a rule against petitioner to show cause why he should not be punished for contempt of court. The rule was issued returnable on September 7, 1922, and on the same date the petitioner moved the court to set aside the restraining order issued by the clerk, and at the same time the former action between the parties was dismissed without prejudice. Thereupon the judge of the circuit court took under submission the motion to have petitioner adjudged in contempt of court, and also his motion to set aside the restraining order, but, as alleged in the petition, announced from the bench that he was inclined to hold petitioner in contempt of court. The petitioner forthwith filed this application for a prohibitory writ and, in view of the facts stated, alleged that the judge of the Campbell circuit court had threatened to and would, unless prohibited by this court, sustain the restraining order issued by the clerk, hear evidence on the contempt charges, and find the petitioner guilty of contempt of court, all without power and authority so to do.

It is said that the circuit court is without power to proceed in the matter indicated, because: First, the restraining order, for violation of which contempt proceedings have been started, was issued without notice of application therefor and is, therefore, void; and, second, that it is likewise void on the ground that it is *res judicata,* since it rests on the same facts on which the former order was issued and later set aside by direction of a judge of this court.

This court, on the authority conferred by section 110 of the Constitution, has in some cases restrained inferior courts, acting within their authority, from hearing and determining proceedings when, upon an examination of the record presented, it was found that a manifest and remediless injustice would result to the petitioner if the court failed to stay the proceedings. Rush v. Denhardt, 138 Ky. 238; Gilman v. Doak, 194 Ky. 21. And it has been held, under the same circumstances, that

when the inferior court is acting or threatening to act without its authority, the writ is available to the one who, by reason of the proposed action, will suffer irreparable injury without other adequate remedy. Fitzpatrick v. Young, 160 Ky. 5; Speckert v. Ray, 166 Ky. 622.

Both of these rules employed by this court in the exercise of its discretion are invoked on this application; and it is first asserted that the restraining order is void because it was issued without notice of an application therefor. This contention is based on section 276 of the Civil Code, which is said to prohibit the issuance of such an order except on notice of an application therefor. We do not agree with the contention, for the language of that provision expressly authorizes the issuance of a restraining order without notice, where the officer issuing it, including the circuit clerk in certain circumstances, shall be satisfied by the facts set forth in the affidavit of the applicant, or by other evidence, that irreparable injury will result to the applicant from the delay in giving notice. In such case the officer may enter a temporary order restraining the act sought to be enjoined. It is, of course, true, under that provision of the Code, that a mandatory restraining order cannot be entered by any clerk, county judge, or two justices in any case, and, as a condition precedent to the issuing of any restraining order, the applicant therefor shall give bond as required by subsection 3 of section 278 of the Code. In this case the applicant gave bond, and the order was not mandatory in its effect but merely prohibited the petitioner from holding religious services in the church building or on the property of the church. It is also true, as counsel contends, that section 276 of the Code does not authorize the granting of a restraining order, without notice, which in its nature furnishes all the relief that can be obtained; that is, such an order as will have the effect of a final adjudication of the matter in controversy. Weaver v. Toney, 107 Ky. 419. That, however, is not the case here, for defendants merely sought an order which was temporary in its nature and which, on a proper showing under section 290 of the Civil Code, might have been set aside or modified and the subject matter of the litigation thereafter determined on its merits. Further reference to this ground of attack on the order issued by the clerk is unnecessary. The Code provision is plain and,

on the affidavit filed, it was manifestly within the power of the clerk to issue the order without notice of an application therefor.

The next contention of petitioner is that this proceeding is an attempt to relitigate the questions decided by a judge of this court in directing the setting aside of a similar order issued by the Campbell circuit court, and, accordingly, that the order complained of is *res judicata*. This position, conceding that it is available here, would be unanswerable were the premise on which it is founded sound. But from an examination of the facts suggested by the contention we find that the first order was entered on a state of facts which the lower court deemed sufficient to show that, by proceedings regularly had in a congregational meeting of the church, the petitioner was dismissed as pastor of the church. On the review of that question by a judge of this court it was determined that the evidence on which the order was issued was not sufficient to warrant the conclusion that the meeting was called in accordance with the requirements of the constitution and by-laws of the church, and the vote was not so tabulated as to show, beyond doubt, that there was a clear majority of the members of the congregation in favor of the dismissal of the petitioner; and, in consequence, the order was directed to be annulled. But an entirely different situation is presented in the second suit. It is clearly shown in the petition therein that, after the dissolution of the first order, another congregational meeting was called, comformable to the by-laws and constitution of the church, and, pursuant to the call, a meeting was duly and regularly held, and the charges against the petitioner were sustained by the unanimous vote of the members attending the meeting. Further, the members of the congregation at that meeting constituted a majority of all the members of the church. This having been done, it follows that the action of the members at the second meeting effectually accomplished the dismissal of the petitioner as pastor of the church. It also appears that at the meeting the trustees of the church were authorized to take such steps as were necessary to make effective the action of the congregation. Under that authority the trustees might have filed an amended petition in the action then pending and asked, if there were grounds for so doing and obviously there were, another order restraining the petitioner from holding services in the church building. That course,

however, was not adopted, but another equally permissible was taken; that is, a new suit was filed, setting up the facts detailed, and a restraining order issued thereon. We have, therefore, as will be readily seen from the foregoing, in the second case a set of facts entirely different from those presented in the first, and, moreover, facts on which the church was clearly entitled to a restraining order. In that state of the respective records it cannot be concluded that the proceedings and rulings in the first action can operate as a bar to the second suit. Nor can we perceive how the pendency of the first proceeding could be pleaded in abatement of the second, for, as we have noted, the state of facts in the two records are entirely different, although the relief sought in each case was the same. But even if the pendency of the first action had been pleaded in abatement of the second, and that was not done, the dismissal of the first proceeding would have been sufficient to render the plea in abatement inefficacious. Citizens National Bank of Danville v. Forman, 111 Ky. 206.

Nor did the dissolution of the restraining order in the first proceeding operate as a bar to the issuing of a similar order in the second. In Renshaw v. Cook, 129 Ky. 347, cited by counsel for petitioner, it was held that the decision of a judge of this court, on the subject of an interlocutory injunction, is binding on the lower court and cannot be avoided in a new suit involving substantially the same facts. The rule is a salutary one, but it cannot be invoked here because the facts in the second proceeding are entirely different from those in the first, and, in those circumstances, the rights of the parties in the second suit are to be determined on the new state of facts presented.

In view of these considerations, we conclude that the petitioner has failed to show that there is or has been any danger of the abuse of the processes or authority of the Campbell circuit court in the action wherein the proceedings complained of by him are pending, and, therefore, the motion for a writ of prohibition is overruled and the temporary injunction heretofore issued by this court is dissolved.