**Mary Lillian CROUCH, Appellant,**

**v.**

**D. C. CAMERON and H. S. Gilmore, Appellees.**

Court of Appeals of Kentucky.

April 28, 1967.

Julian R. Gabbard, Owingsville, for appellant.

A. C. Conway, J. M. Richardson, Owingsville, for appellee Cameron.

Lewis A. White, Mt. Sterling, for appellee Gilmore.

WALLIS DOWNING, Special Commissioner.

This appeal is from a final order dismissing a complaint for failure to state a cause of action. It is alleged in the complaint that the Judge of the Bath County Court signed an order appointing the defendants to examine the plaintiff and report their findings, and that the defendants, Dr. D. C. Cameron and Dr. S. H. Gilmore, licensed physicians practicing medicine in Kentucky, had signed a certificate stating that they had examined the plaintiff within the past three days and in their opinion she showed symptoms of mental illness, and that her condition was such that she did need further medical examination, observation, and treatment in a mental hospital. The Medical Examiner's Certificate was filed. Whereupon the Judge of the Bath County Court signed and issued an order of commitment of plaintiff to Eastern State Hospital for a period of medical examination, observation and treatment not exceeding thirty-five days. The court order was duly executed. It is further alleged that the plaintiff remained in the institution from October 27, 1965 to November 3, 1965, and was found to be mentally competent. As a result of a habeas corpus proceeding the plaintiff was ordered released by a judgment of the Fayette Circuit Court. It is also alleged that the defendants, Dr. D. C. Cameron and Dr. H. S. Gilmore, did not examine plaintiff.

■ By statute, KRS 23.045, this court establishes the terms of the circuit courts and fixes the days for holding each of the circuit courts. The County Court of Bath County held the inquest during the time the Circuit Court was in session and this proceeding, therefore, was without its jurisdiction. KRS 202.020. Turpin's Adm'r v. Stringer, 228 Ky. 32, 14 S.W.2d 189; Menefee v. Ends, 97 Ky. 388, 30 S.W. 881, 17 Ky.Law Rep. 280.

■ The plaintiff claims damages against the defendants for her confinement as a result of the failure to examine the plaintiff and their erroneous report. The defendants' argument, in support of the dismissal of the complaint, is that the entire inquest proceeding in the Bath County Court resulting in appellant's commitment for observation to Eastern State Hospital was void for want of jurisdiction. This court did not follow such reasoning in Duncan v. Brothers, Ky., 344 S.W.2d 398. The wrongful acts of one do not exonerate the wrongful acts of another or the wrongful acts of a joint tort-feasor. The appellees' reliance on the void proceedings to obtain a dismissal of the complaint and to defeat the claim against them cannot be sustained. While the judgment confining the plaintiff was void, this does not as a matter of law entitle the defendant doctors to have the complaint against them dismissed.

The gravamen of the complaint is that the doctors did not examine the plaintiff, but reported that they did, and that in their opinion the plaintiff should be committed for observation. The examination is required by the statute before an order of commitment can be entered. The failure to examine, and the report of the doctors had a direct causal connection with the commitment. Without the certificate there would have been neither arrest nor confinement.

The opinion in the case of Beckham v. Cline, 151 Fla. 481, 10 So.2d 419, 145 A.L.R. 705, is persuasive upon this court. In that case the Florida Court said:

"The gravamen of the right of action is not that the defendants, after examination, reported a conclusion not warranted by the facts, but the right of recovery lies in the allegation that they made no examination of the plaintiff but made a false report to the court as alleged in the declaration and thereby caused her to be confined in a public insane asylum, The Florida State Hospital, when, in truth and in fact, she was not insane and when, as alleged in the declaration, if

the defendant physicians had made any examination of her, they would have found that she was not insane."

The judgment is reversed for further proceedings consistent with this opinion.

All concur.