CASE 21—RESCISSION—MAY 29, 1884.

# Crow v. Owensboro and Nashville R. R. Co.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. The petition states a cause for partial rescission of the contract. Under a prayer for general relief, complete rescission can not be granted. Such relief will be granted, and such only as the facts shown will authorize.

Crow v. Owensboro and Nashville R. R. Co.

GEO. W. JOLLY FOR APPELLANT.

1. If the appellant was entitled to a specific execution of the contract the court erred in dismissing the petition.
2. If to locate a depot on the land conveyed means to build and maintain a station for the reception and discharge of freights and passengers then there is a consideration, and appellees ought to be compelled to discharge their contract, or it ought to be annulled.. Civil Code, sec. 90; Waterman on Specific Performance of Contracts, sec. 898; Lytton v. Great Northern R. R. Co., 2 K. & J., 394.

WEIR, WEIR & WALKER FOR APPELLEE.

1. As long as appellees use the land for railroad purposes, the title remains where the deed placed it.
2. The petition does not aver that appellant ever demanded that appellee should locate a depot on the land.
3. The petition states a case for partial rescission, and the facts sustain that state of case.
4. Complete rescission in this state of pleading is impossible.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

In 1869 appellant executed to appellee a conveyance for five and two-thirds acres of land containing these provisions: "For, and in consideration of a depot being located on the same, we hereby bargain, sell, and convey to the Owensboro and Russellville R. R. Company" a certain defined boundary of land, and concluding: "In this transfer it is to be distinctly understood that said land is to be used by said railroad company for railroad purposes solely, and in case of any violation of this agreement by said company then said land shall revert to us."

On the 15th of January, 1880, this suit was filed, alleging the construction of the railroad, over the land, and its operation, but charging that no depot building had been erected thereon; alleging the width of the land occupied and necessary to be used in operating the road, and seeking to recover that portion of the land not necessary to the operation of the road. The peti-

tion closed with this prayer : " Wherefore the plaintiff prays that the court adjudge said lands have reverted to the plaintiffs—that said deed be declared void—that plaintiff have possession thereof, and for judgment for his costs, and all proper and general relief."

The evidence tends to show that the road was constructed within a reasonable time, and operated with but little interruption up to the institution of this action. but also shows that no depot building was erected on the land.

There is in the petition no allegation that there was a failure, within a reasonable time, to erect or establish a depot building, nor is there any allegation of any demand or request to establish such a building, nor of damages resulting from such failure.

Section 90 of the present code of practice in civil cases, which provides : "The petition must state facts which constitute a cause of action in favor of the plaintiff against the defendant, and must demand the specific relief to which the plaintiff considers himself entitled, and may contain a general prayer for any other relief to which the plaintiff may appear to be entitled. If no defense be made, the plaintiff can not have judgment for any relief not specifically demanded ; but if defense be made, he may have judgment for other relief, under a prayer therefor," is simply an affirmation of what the practice was prior to the adoption of this provision.

Under that practice it was required that in order to have relief under a general prayer the relief must be consistent with that specifically prayed, as well as with the case made by the bill.   1 Daniel's Chancery Pleading and Practice, p. 378.

Here the relief sought is inconsistent with that set out in the petition, as well as with that specifically prayed. The petition sets forth an action for the partial rescission of the contract, while the prayer is for a complete rescission.

The erection of the depot appears to have been one of the considerations for which the conveyance was made, but not the sole consideration, and probably not the material consideration; but whether this court could reverse, as the pleadings stand, if the erection of the depot were the main consideration, need not be considered, since the pleadings and the prayer to the petition are inconsistent and irreconcilable with the relief sought on this appeal.

Judgment affirmed.