Case 70.—ACTION BETWEEN SALLIE A. PENN'S EX'R AND
 JACOB A. PENN'S EX'R, INVOLVING CONSTRUCTION OF
 JACOB A. PENN'S WILL.—May 23.

### Penn's Ex'r v. Penn's Ex'r.

120   557
138   232

Appeal from Scott Circuit Court.

JAMES E. CANTRILL, Circuit Judge.

From the judgment defendant appeals. Affirmed.

Wills—Real Estate—Taxes Thereon—Life Tenant—Duty to Pay—
 Funeral Expenses—Debts—Devise of Real Estate—Subsequent
 Lease by Testator—Notes for Rent.

1. Wills—Real Estate—Taxes Thereon—Life Tenant—Duty to Pay
 —P., who died in June, 1902, by his will devised to his wife
 all his personal estate absolutely, and certain real estate
 during her life. At his death there were unpaid taxes as-
 sessed against his real and personal estate amounting to
 $326.50. His widow died September 16, 1902. Held—It was
 the duty of the personal representative of the widow to pay
 the said taxes, as under our statutes the taxes were a lien on
 the lands, and it is the duty of one to whom land is devised for
 life to pay the taxes and keep it free from lien as against
 the remaindermen.

2. Funeral Expenses—Debts—Where testator directed the pay-
 ment of all his funeral expenses and debts out of his per-
 sonal estate, the balance of which he gave to his wife, to-
 gether with a life estate in certain land, the personal estate
 was liable for taxes assessed against the real and personal
 estate and unpaid at the time of testator's death, as taxes,
 while not "debts," strictly speaking, are obligations or lia-
 bilities.

3. Same—Devise of Real Estate—Subsequent Lease by Testator—
 Notes for Rent—Effect—P. owned two tracts of land, and by
 his will, dated September 8, 1894, devised to his wife all
 his personal estate absolutely, and all his real estate during
 her life, and by a codicil, dated November 13, 1899, directed
 that the "home tract" be sold at his death and the proceeds
 divided among the children of his two sisters, and on July
 30, 1901, after the date of the will and codicil, leased the other
 tract of land for the term of three years at $800 per year,

for which he held the three notes of the lessee at the time of his death, in June, 1902. Held—That the will speaks as of the date of the death of the testator, and the three notes were payable to the testator and were his personal property, and passed with his other personal estate under the will to his widow.

WALLACE & HARRIS, W. O. DAVIS and FIELD McLEOD for appellants.

### PROPOSITIONS AND AUTHORITIES CITED.

1. Rent accruing after the death of an owner in fee goes to the heir or devisee, and is not assets in the hands of his personal representative. (Ky. Stats., sec. 3865; Minor's Institutes, vol. 2, pp. 80, 39 and 53; Blackstone's Com., vol. 2, p. 42, N. 46 [Sharswood's Ed.]; 1 P. Wms., 178; Toller on Ex'rs, 177-178; Kent's Com., vol. 3, p. 494; Ball v. First National Bank, 80 Ky., 501; Rank v. Hill's Adm'r, 8 Bush, 67; Cass v. Smith, Blair & Co., 7 Ky. Law Rep., 305; Eastin v. Hatchitt, 15 Ky. Law Rep., 780; Anderson v. Richards, 18 Ky. Law Rep., 455.)

2. Under the will of Jacob A. Penn the taxes on his estate due at the time of his death must be paid out of his personalty. (8 Ben Mon., 461.)

3. A life tenant of real estate must pay the current taxes. (Brodie v. Parsons, 23 Ky. Law Rep., 833; Arnold v. Smith, 66 Ky., 163; Fox v. Long, 71 Ky., 551.)

JAS. BRADLEY and MONTGOMERY & LEE for appellants.

1. Although the consideration of the notes was the rent of land, we contend that the notes themselves were not rent, but personal property, and passed under the 5th clause of the will of Jacob A. Penn, in which he says: "I will to my wife, Sallie A. Penn, all the balance of my personal property of every description."

2. But even if we concede that these rent notes can be held to be rent, and governed by the section of the statute quoted, then we say that this is a clear case coming under the exception which says: "In case of a devisee the will shall otherwise direct."

Testator had no claim against Lawless for rent as rent, but simply a claim for the amount of the notes, the same as if they had been executed for borrowed money or for the sale of cattle or other personal property.

3. It seems to us in construing the will of Jacob A. Penn it is an important fact to remember that he rented out this land,

in July, 1901, and died in June, 1902, nearly a year afterward, and that he must have regarded these notes as personal property during all that time; and if he had not intended for them to pass under the fifth clause of his will, he had ample time to have made a codicil to his will and provided otherwise.

4. The total value of the personal estate was about $4,800, and the total value of the real estate was a litle more than $27,650. Our contention is that it would be unjust and inequitable to make the personal estate bear the whole burden of the taxes or any part of it except in proportion to the value of the personal estate. (Childers v. Smith, 10 B. Mon., 235.)

OPINION BY JUDGE NUNN—Affirming.

On the 8th of September, 1898, Jacob A. Penn was the owner of two valuable tracts of land in Scott county, Ky., and something near $3,000 worth of personal estate. On that date he made and executed his will, and, after making several special bequests, the testator, in the fifth clause of his will, used the following language: "I will to my wife, Sallie A. Penn, all the balance of my personal property of every description. I also will to my said wife for her life all real estate of which I die possessed; at the death of my said wife, should she survive me, it in my will that all of said real estate shall be sold and the proceeds thereof distributed in the following manner: To the children of my two sisters, Charlotte McLeod and Mary Ellen Russell, both of Montgomery county, Ind.," etc.

On the 13th day of November, 1899, the testator added the following codicil: "It appearing that the personal property bequeathed absolutely by me to my wife, together with the income from my other real estate, will be ample to meet my wife's needs, I desire and direct that place on which I now reside, containing about 275 acres, be sold as soon as practicable after my death and the proceeds at once divided

among the children of my two sisters, Charlotte Mc-
Leod and Mary Ellen Russell,'' etc.

On the 30th day of July, 1901, after the date of
the will and the codicil, Jacob A. Penn leased the farm
other than the home place to one Alex. Lawless, for
the term of three years, for the price of $800 per
year, Lawless executing his three promissory notes
to Jacob A. Penn, due March 1, 1903, March 1, 1904,
and March 1, 1905, respectively. Jacob A. Penn died
in the month of June, 1902, and his will was probated
July 21, 1902, and the appellant, Field McLeod, qual-
ified as his executor. McLeod took possession of these
notes. The widow, Sallie A. Penn, departed this life
testate on the 16th of September, 1902, and the ap-
pellee, Frank Kearney, was appointed and qualified
as her executor. It further appears from the agreed
state of facts that at the time of the death of Jacob
A. Penn there were taxes assessed against the real
and personal estate, which were unpaid, amounting
to $326.50.

The questions to be determined by this court are
these: Who is entitled to the Lawless rent notes or
their proceeds under the will of Jacob A. Penn?
Whose duty is it to pay the $326.50 taxes for 1902,
and shall it be paid out of the personal estate only,
or proportioned so as to charge the real estate with
part of the taxes, and, if so, what part? Whose duty
is it to pay the taxes for the year 1903 on the real
estate or farm devised to Sallie A. Penn for life,
she having died on September 16, 1902? We will
consider these questions in the reverse order from
that stated.

Mrs. Penn was devised the farm, other than the
home place, for life. Under our statutes it was her
duty to pay the taxes and keep the property free
from lien, so that it might pass to the remaindermen

free of all charges. Under the statutes, taxes become a lien on the land on the 15th day of September. Hence the taxes which would become due for the year 1903 were a lien on this land the day before the death of Mrs. Penn, and under the plain and positive provisions of the statute her estate was liable for these taxes. (Brodie v. Parsons, 64 S. W., 426, 23 Ky. Law Rep., 833, and the cases therein cited.)

As to the second question—that is, who should pay the taxes for 1902 for $326.50—we are of the opinion, from an inspection of the will of the testator, that they should be paid out of his personal estate. By his will he directed that all of his funeral expenses and debts be paid as soon as practicable after his death out of his personal estate, and he then gave all the balance of his personal estate of every description to his wife, Sallie A. Penn. While taxes are not, strictly speaking, debts (which has been decided by this court in the case of Jones v. Gibson, 82 Ky., 561, 6 Ky. Law Rep., 528), yet they are obligations or liabilities, and we are convinced that the testator used the word "debts" intending to include all obligations and liabilities against his estate of every character.

On the first question—as to who was entitled to the Lawless rent notes—the executor of Jacob A. Penn claims that the widow was entitled to that proportion of the rent which had accrued up to the date of her death, to wit, September 16, 1902, and that the rents accruing after that time follow the reversion, and go to the niece and nephews, the beneficiaries in remainder, and contend that the case is governed by sec. 3865 of the Kentucky Statutes of 1903, which is as follows: "When a person who has a freehold, or an uncertain interest in land, shall rent

out the land, and die before the rent shall have become due, the rent of the land shall be apportioned between the personal representatives of the deceased and the person who shall succeed to the land as heir, personal representative, devisee, or person in reversion or remainder, unless in the case of a devisee the will shall otherwise direct.''

Appellant's contention in this case would be correct if the will did not otherwise direct. The rule in construing wills is to the effect that they shall be construed as speaking at the date of the death of the testator. These Lawless notes were payable to the testator, and were his personal property, and they passed, with his other personal estate, to his widow, under the positive provisions of his will. If the testator, prior to his death, had sold these notes to a third party for their full value, and had deposited the cash received for them in the bank, under the provisions of the will the widow would certainly have taken this cash as a part of the personal estate, and it could not reasonably be contended that the purchaser of the notes could not have collected the whole of the notes. He could not have been stopped in the collection of them at the date of the death of the testator or his widow. Under the privisions of the will of Jacob A. Penn he passed these notes to his wife as effectively as he could have passed them to a third party by a sale thereof.

The judgment of the lower court being in conformity with the views herein expressed, it is therefore affirmed. Petition for rehearing by appellant overruled.