CASE 31—ACTION BY D. C. BRADLEY AGAINST SAM SEARS AND OTHERS.—April 28, 1910.

## Bradley v. Sears, &c.

Appeal from Allen Circuit Court.

McKENZIE Moss, Circuit Judge.

Judgment for defendant, plaintiff appeals.—Affirmed.

1.  Taxation—Assessment Against Life Tenant—Sale for Nonpayment—Rights of Purchaser and Remainderman.—While under Ky. St. section 4049, requiring real estate to be listed for taxation against the owner of the first freehold interest therein, the taxes assessed during a life tenancy are a lien on the land, and not merely on the life interest, the remainderman, having no notice of the nonpayment of the tax or the sale of the land therefor, may not, without being given an opportunity to redeem, be deprived of the land by the purchaser at tax sale, though the statutory period for redemption has expired; but the purchaser at the sale has merely a lien for the amount paid and interest, as provided by section 4036 (section 5928) in case of the sale being set aside for irregularity.

Bradley v. Sears, &c.

2.  Judgment—Relief Under General Prayer.—Under Civ. Code
    Prac. section 90, providing that, if defense be made, plaintiff
    may, under a prayer for general relief, have other relief than
    specifically prayed, plaintiff will not, even if defense is made
    by general demurrer or traverse, and the specific relief is
    denied, be given judgment for other relief under the general
    prayer, unless the averments of the petition certainly show he
    is entitled to other relief; so that he, specifically praying
    that title to land be quieted in him as purchaser at tax sale,
    may not have judgment for the amount paid at sale with in-
    terest, the petition not showing that defendänt before com-
    mencement of the action did not offer to make such payment,
    so that he should not be subjected to costs; but if the answer
    were more than a traverse, and the pleadings when made up
    showed all the relief to which the parties would be entitled,
    it might be granted under the general prayer.

THURMAN B. DIXON and N. F. HARPER for appellant.

GOOD & OLIVER for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirm-
ing.

The petition to which a general demurrer was
sustained states, in substance, that a tract of land de-
scribed in the petition was assessed for taxation in
the years 1902 and 1903 in the name of W. C. Haines,
who then owned a life estate therein; that, as the
taxes were not paid, the sheriff, in conformity with
the provisions of the Kentucky Statutes regulating
the sale of real estate for taxes, sold the land in
May, 1904, for the amount of the taxes and penalties,
aggregating $11.49, when the appellant, Bradley,
became the purchaser of the whole of the tract con-
taining 36 acres for the amount due. The petition
further shows that all the provisions of the statute
regulating the sale of real estate for taxes were com-
plied with, and that W. C. Haines was duly notified
of the fact that the land had been sold, and that

neither Haines, nor the remainderman, redeemed or offered to redeem the same within the two years allowed by the statute. It is further alleged that Haines, the life tenant, died after the sale but before the two years allowed to redeem land had expired, and that the remainderman after his death sold the same to appellees. The plaintiff tendered with the petition the deed made to him by the sheriff in 1909, and prayed "that he be put into immediate possession of the land, that the title therein be quieted, that the defendant Sears be summoned to show cause, if any they have, why plaintiff should not be put in possession of this land, and that finally they be enjoined from occupying or claiming any interest or title in the land. He prays for his costs and all proper relief, both general and special." There is no averment in the petition that the remainderman had any notice of the fact that the taxes had not been paid or that the land was sold to satisfy the taxes. It is charged that neither the remainderman, nor any other person, offered to pay the taxes and redeem the land within the two years after the sale; but there is no allegation that the remainderman or his vendees did not offer to pay the taxes and redeem the land after the expiration of the two years and before this suit was brought.

Section 4049 of the Kentucky Statutes provides, in part, that: "Real estate, or any interest therein, shall be listed in the county or district where situated against the owner of the first freehold estate therein." It was therefore the duty of the life tenant, W. C. Haines, to list this land for taxation, and to pay the taxes assessed against it during his term as life tenant. Penn v. Penn, 120 Ky. 557, 87 S. W. 306, 27 Ky. Law Rep.

946; Brodie v. Parsons, 64 S. W. 426, 23 Ky. Law Rep. 831. But the failure of the life tenant to pay the taxes assessed against the land during the life tenancy does not deprive the state or the authority levying the tax of the right to subject the fee in the land to the payment of the taxes during the term of the life tenant or after his death. But the remainderman, if he pays the tax due by the life tenant, may recover from the life tenant or his estate the amount so paid. In other words, the taxes are a lien on the land, not alone on the life interest, and, although it is the duty of the life tenant as between himself and the remainderman to pay the taxes assessed during his life tenancy, his failure to do so does not relieve the land of the burden, and the land itself may be subjected to the payment of the taxes at any time within the period allowed by the statute. As the life tenant failed to pay the taxes, the land passed to the remainderman and to his vendees charged with a lien for the amount of the tax and interest due the purchaser at the tax sale, and a sufficiency of it may be subjected in a proper proceeding by the purchaser at the tax sale to satisfy the same. It is provided in section 4036 of the Kentucky Statutes that: "Whenever any person shall purchase property sold for delinquent taxes and the sale shall be set aside because of any irregularity, the purchaser shall have a lien on the property for the amount of taxes and cost paid by him, and for which the property is liable, with legal interest from the time of such payment, which may be recovered from the owner of the property or person owning the same." And this is broad enough to give the appellant as pur-

chaser a lien for the amount paid by him, with interest.

But, when real estate is sold during the life tenancy for taxes against it due by the life tenant, and the life tenant fails to  redeem the land, the purchaser at the tax sale will not be permitted under and by virtue of his tax deed to recover the land from the remainderman or his vendee. He will only be allowed a lien on the  land for the amount of the taxes paid, with interest thereon as allowed by the statute, as the tax is due and should be paid by the life tenant, which lien he may enforce in an appropriate action. It would be manifestly unjust to take from the remainderman real estate sold for taxes against the life tenant without first giving the remainderman an opportunity to satisfy the amount due. The remainderman may not have any notice of the sale or that the tax is unpaid; and, under circumstances like these, we know of no statute or rule of law that would justify us in ruling that the purchaser at the tax sale could take the land without giving the remainderman an opportunity to redeem it by the payment to the purchaser at the tax sale of his debt and interest, although the statutory period allowed to redeem has expired. It is suggested, however, that, as the purchaser has a lien, the prayer for general relief authorized the court to enter a judgment giving him a lien on the land and directing a sale of enough to pay the amount due. But, in this action, the purchaser is not seeking to enforce his lien upon the land for the amount of the taxes paid by him with interest; nor does he pray for any relief of this character. In the petition and prayer thereof, the only relief asked is that the purchaser be adjudged the owner of the land under his tax deed.

It is provided in section 90 of the Civil Code of Practice that: "The petition must state facts which constitute a cause of action in favor of the plaintiff against the defendant, and must demand the specific relief to which the plaintiff considers himself entitled; and may contain a general prayer for any other relief to which the plaintiff may appear to be entitled. If no defense be made, the plaintiff cannot have judgment for any relief not specifically demanded; but, if defense. be made, he may have judgment for other relief, under a prayer therefor." In speaking of this section, the court, in Crow v. Owensboro R. Co., 82 Ky. 134, said that it was "simply an affirmation of what the practice was prior to the adoption of this provision, and that under that practice it was required that in order to have relief under a general prayer the relief must be consistent with that specifically prayed, as well as with the case made by the bill."

In Hansford v. Holdam, 14 Bush, 210, Holdam brought suit against Hansford to enforce a mortgage lien upon his land; the prayer of the petition being, "Wherefore plaintiff prays that the mortgage be foreclosed, and for all other proper relief." Hansford in his answer set up claim to a homestead, but did not dispute the debt. The lower court sustained Hansford's right to a homestead, but gave personal judgment against them for the amount of the debt. Upon appeal, this court reversed the decree of the lower court giving personal judgment, saying, "as setting up claim to the homestead was not a defense to the action, it is clear that the court erred in rendering a personal judgment."

In Board of Sinking Fund Commissioners v. Mason, Ford Co., 41 S. W. 548, 19 Ky. Law Rep. 771,

the Mason, Ford Company sought to rescind a contract made with the sinking fund commissioners, claiming that under the contract it had no authority to use the labor of 25 convicts in raising vegetables and other produce for the use of the penitentiary, and that in violation of the contract the sinking fund commissioners had refused to allow any convicts to be worked outside the walls of the prison in raising and cultivating vegetables. The prayer of the petition was: "Wherefore plaintiff prays that the contract herein set out may be annulled and rescinded, that this cause may be referred to the master commissioner of this court to audit and state the accounts between the parties hereto, and for all proper relief." To the petition, a general demurrer was entered and overruled, and, declining to plead further, a decree was entered adjudging the Mason, Ford Company entitled to the use of the convicts for the purpose mentioned. From this judgment an appeal was prosecuted, and the court said: "It is true that the Code provides that where defense is made, and the party is entitled to relief other than that prayed for, the same may be granted; but in this case no such defense was made as to bring the case within the provisions of the Code, even if the facts alleged in the petition would authorize such relief; but we do not think the facts stated in the petition would authorize the judgment rendered."

In Schnorbus v. Winkel, 15 S. W. 861, 12 Ky. Law Rep. 902, suit was brought by Schnorbus to set aside a deed of partition made under an agreement by which Winkel was to pay to Schnorbus $500 to make up the difference in the value of the land. The lower court dismissed the action and refused to render judgment in favor of Schnorbus for the $500

because there was no prayer for it, and this judgment was affirmed.

In view of the provisions of the Code and the authorities cited, we are of the opinion that, even if defense is made by general demurrer or traverse, the plaintiff who seeks in·his petition specific relief, although there is a prayer for general relief, will not, if the specific relief is denied, be given judgment for other relief under the prayer for general relief, unless the averments of the petition certainly show that the plaintiff is entitled to other relief than that specifically prayed for. The court will not volunteer relief which a party does not suggest he is entitled to, or look outside of the averments of the pleadings to ·find some relief that may be granted under a general prayer therefor, when the special relief expressly sought must be denied. A party who wants relief other than that specifically prayed for should seek it by alternative allegations in the petition and prayer, or the averments should show that he is clearly and certainly entitled to it. Cumberland Tel. Co. v City of Hickman, 129 Ky. 220, 111 S. W. 311, 33 Ky. Law Rep. 730. If this were not true, the defendant would often be misled to his prejudice by the pleading, and would find the court giving a judgment against him for something that an examination of the pleading did not inform him he would be called on or required to do or pay, and the plaintiff would find himself getting something that he did not ask for and perhaps did not want. Take this case as an illustration: Here the remainderman may haye offered before the institution of this suit to redeem the land by paying to the purchaser the amount to which he was entitled, and it would be unjust if this offer was made to permit the purchaser under his

prayer for general relief to subject the remainder-man to the cost that he endeavored to avoid by tendering the amount due.

If, however, the answer is more than a traverse, and the pleadings when made up show all the relief to which the parties would be entitled, although it may not be specifically demanded, a more liberal rule should be applied, and the court may, under the general prayer, grant such relief as the pleadings show the parties entitled to. Under this practice the parties will not be taken by surprise, nor will relief be granted that they might not reasonably anticipate would be.

Wherefore the judgment is affirmed.