C. G. CARAWAN, EXECUTOR OF THE LAST WILL AND TESTAMENT OF MONE-
TARY DELAMAR, WINNIE DELAMAR, RANDOLPH ALLEN, LUTHER
ALLEN, MAUDE ALLEN, ANNIE PHELPS AND MARIE HARRIS
BAUM, v. HORTENSE BARNETT.

(Filed 9 October, 1929.)

Municipal Coporations G c—Assessments for public improvements are
enforceable only against the land assessed.

An assessment made upon adjoining land for a street improvement by a
town is a charge upon the land constituting a lien superior to all others,
C. S., 2713, and not enforceable against the personalty or other lands of
the owner, and when the owner of land has been thus assessed payable in
installments, C. S., 2716, and he subsequently dies, it is not a debt of the
deceased payable by his personal representative, but a charge against the
land itself. The provisions of C. S., 93, as to the order of payment of
debts of the deceased has no application.

APPEAL by plaintiffs from *Daniels, J.,* at April Term, 1929, of
PAMLICO. Affirmed.

*Z. V. Rawls for plaintiffs.*
*Ward & Ward for defendants.*

CLARKSON, J. The only question involved is whether or not a street assessment on a particular piece of land or lot abutting on a street in a municipality, duly and properly made according to law, should be paid by the personal representative of the party whose piece of land or lot is assessed or out of the land or lot? We think the land or lot bears the burden of the street assessment.

After alleging the facts "the petitioners pray the court for its direction as to the payment of the balance due on said street assessment, which balance to date is $167.87 with interest." *Trust Co. v. Stevenson,* 196 N. C., 29.

The will of Monetary Delamar was made and executed on 14 January, 1927. After her death, C. G. Carawan duly qualified as administrator of her last will and testament and entered upon the discharge of

his duties. The necessary items of the will of Monetary Delamar for the decision of this action, are as follows:

"Item 2. I give and bequeath to my beloved daughter-in-law, Winnie Delamar my house and lot in the town of Oriental where I reside, to have and to hold during her natural life, at her death to be sold, the proceeds to go to the Methodist Orphanage, at Raleigh, N. C., etc.

"Item 3. I give and bequeath to my beloved sister Hortense Barnett all my wearing apparel and all money and all notes due me and a watch which was my mother's."

Prior to Monetary Delamar's death, there had been according to law, a street assessment on the house and lot devised to her daughter-in-law, Winnie Delamar, during her natural life and at her death to be sold and the proceeds to go to the Methodist Orphanage at Raleigh, N. C., by the town of Oriental. The assessment by the town of Oriental was confirmed on 28 March, 1927, and the amount of the assessment was $186.52. From confirmation the assessment became a lien superior to all other liens and encumbrances on the land. C. S., 2713. The testatrix, Monetary Delamar, had the option to pay same either in cash or on the 10 equal annual installment plan, as she desired. C. S., 2716. Prior to her death she paid, on 28 April, 1927, one-tenth, being $18.65, leaving a balance of $167.87 to be paid on the installment plan.

In *Morganton v. Avery,* 179 N. C., p. 551, speaking to the subject, it is said: "The assessment is not a personal liability of the defendant, and could not be collected out of her personalty by execution. It is a liability created solely by statute, and does not arise *ex contractu.* It is not a personal liability of the owner of the land to be collected by execution, it is a statutory charge upon the land itself, and must be collected by proceedings *in rem* in a court having equitable jurisdiction unless some other legal method is provided by the statute. If the land benefited is insufficient in value to pay the assessment in full, the remainder cannot be collected out of the other estate of the landowner. *Canal Co. v. Whitley,* 172 N. C., 102; *Commissioners v. Sparks, post* (179 N. C.), 581; *Raleigh v. Peace,* 110 N. C., 33." *Pate v. Banks,* 178 N. C., 139; assessment not collected out of other property of delinquent, see C. S., 5362.

In *R. R. v. Ahoskie,* 192 N. C., at pp. 259-60, it is said: "An assessment 'as distinguished from other kinds of taxation, are those special and local impositions upon the property in the immediate vicinity of municipal improvements which are necessary to pay for the improvement, and are laid with reference to the special benefit which the property is supposed to have derived therefrom.' (Black's Law Dictionary); *Raleigh v. Peace,* 110 N. C., 32." *Goode v. Asheville,* 193 N. C., 134; *Drainage District v. Cahoon,* 193 N. C., 326.

In *Coble v. Dick,* 194 N. C., 732, it is held—that the assessment is an encumbrance as contemplated or included in the warranty in a deed containing full covenants and warranties against all encumbrances whatsoever.

A different rule applies in drainage assessments, premised on the language of the different statutes.

In *Taylor v. Commissioners,* 176 N. C., 217, this Court held: "The drainage tax becomes a lien, just as the benefits accrue, *i. e.,* annually. . . . It is a lien *in rem,* accruing annually and resting upon the land into whosesoever hands it may be at that time." *Branch v. Saunders,* 195 N. C., at p. 178.

C. S., 93, order of payment of debts of the decedent, has no application. The classes under that section apply to certain taxes and dues to the United States and State of North Carolina and debts *ex contractu,* not assessments. C. S., 93, *supra,* was passed at session of the General Assembly 1868-69. See chap. 113, sec. 24. The local improvement act, C. S., 2703, *et seq.,* was passed at session of the General Assembly, 1915, chap. 56.

The court below rendered the following judgment: "It is thereupon considered by the court, and adjudged from the facts so found that the part of the estate of the testatrix bequeathed to the defendant is not liable for any part of the unpaid assessment made against the lands devised by item 2 to the plaintiff, Winnie Delamar, for life and to the Methodist Orphanage at Raleigh in remainder, and that the defendant go without day and recover of the plaintiffs and the surety for their prosecution bond, the costs to be taxed by the clerk."

We see no error in the judgment of the court below. The judgment is Affirmed.