REICHLAND SHALE PRODUCTS COMPANY, a CORPORATION, AND SUCH OTHER PARTIES AS WANT TO COME IN AND BE MADE PARTIES TO THIS ACTION, v. SOUTHERN STEEL & CEMENT COMPANY, a CORPORATION.

(Filed 27 January, 1930.)

1. **Taxation D b—Lien for taxes attaches to realty on statutory date, but does not attach to personalty until levy thereon.**

The lien for taxes attaches to the real property taxed from the date provided in the statute, and the lien continues thereon until the taxes are paid, regardless into whose hands the property has passed, C. S., 1220, 8003, unless barred by some statute of limitations, but there is no lien upon the personal property for taxes except from the date of levy thereon, C. S., 2815, and the provisions of C. S., 8006, require that the taxpayer, mortgagee or lien holder to point out personalty out of which taxes on real property may be paid in order to have the right that the personalty of the taxpayer be first used before resorting to the real estate.

2. **Taxation H b—Where county enforces lien under C. S., 8037, the limitations therein prescribed apply.**

The lien for taxes can be enforced by the State or its political subdivisions under C. S., 7990, and no statute of limitations applies to the

sovereign in such action, but where the State or its political subdivisions elect to proceed under C. S., 8037, the limitations therein prescribed apply.

**3. Corporations H d—County tax on property of insolvent corporation held collectible by foreclosure of tax certificate and not from personalty.**

Where a city and county advertise and sell the property of a corporation for taxes and buy in the certificates of sale, and thereafter the corporation is put in a receiver's hands, in an action in the nature of a creditor's bill, the original plaintiff therein pointing out, after the tax sale and the issuance of tax certificates, personalty in the hands of the receiver and asking that the taxes against the corporation be satisfied therefrom: *Held*, the sovereign is not a party to the action, and the real property, burdened by mortgages and tax liens, not being assets of the corporation, and the creditor having failed to point out the personalty of the corporation out of which the taxes could have been paid until after the tax sale and the issuance of the tax certificates, C. S., 8006, he is not entitled to have the taxes paid out of the personalty in the hands of the receiver as against the other creditors of the corporation, and the municipalities may foreclose the tax certificates as prescribed by statute. C. S., 8037.

APPEAL by plaintiff, Wachovia Bank and Trust Company, from *Oglesby, J.,* at October Term, 1930, of BUNCOMBE. Reversed.

This is a creditor's bill, brought by plaintiff, a corporation, against defendant, a corporation, on the ground of the insolvency of defendant and that a receiver be appointed to take charge of the property. A temporary, and then a permanent receiver was appointed.

The Wachovia Bank and Trust Company intervenes and asks that it recover against defendant its indebtedness. That said receiver be ordered to pay to said intervening plaintiff, Wachovia Bank and Trust Company, its proportionate part of the assets in the hands of said receiver. It was duly made a party plaintiff and the debt was ascertained as $44,547.52 and interest, and was admitted to be correct. Said bank had no security and was a general creditor. All the assets of the insolvent corporation have been converted into cash by the receiver, who has $11,500 in money.

Facts found by the court below, in part: That the taxes due the city of Asheville for the year 1929, are due and unpaid, but none of said property so listed for taxes for the year 1929, has been sold for nonpayment of city of Asheville taxes for that year. The aggregate taxes, penalties, interest and costs due and for which defendant's property was sold for the years 1928, and 1929, by Buncombe County and by the city of Asheville for the year 1928, is $5,591, exclusive of statutory penalties and interest attaching thereto for the right of redemption; that $987.22 of said amount represents the 1928 county taxes, interest,

penalties and costs to the date of sale on the property covered by the deed of trust in favor of the Federal Mortgage Company, and that $1,467.33 of said amount represents the 1928 city taxes, interest, penalties and costs to date of sale on the property covered by said deed of trust in favor of the Federal Mortgage Company. That the taxes assessed against the property owned by said corporation in the year 1929, by the city of Asheville and for said year, exclusive of interest and penalties, for nonpayment, is $134.20. On 26 July, 1930, Federal Mortgage Company served written notice upon Fred A. Hull, Esq., tax collector of the county of Buncombe, and upon H. Grady Reagan, Esq., tax collector of the city of Asheville, notifying said tax collectors that said Federal Mortgage Company is the owner of the indebtedness secured by the deed of trust referred to in favor of Federal Mortgage Company, and that said Southern Steel and Cement Company owned said property at all times during the year 1928, and that the taxes on said property for the year, together with all interest, costs, penalties and other charges thereon are unpaid, and that John E. Thayer, the receiver herein, has taken into his possession personal property and assets of the defendants, Southern Steel and Cement Company, and at the time of said notice, had in his possession personal property more than sufficient in value and amount to pay the said taxes, interest, costs and penalties due the county of Buncombe and city of Asheville; which said property and money were specifically pointed out to said tax collectors, who, thereupon made demand upon said receiver for the said taxes, interest, costs and penalties, and served notice of their claims, and made demand upon said receiver for all of the taxes due the county of Buncombe and city of Asheville upon real property of the defendant, Southern Steel and Cement Company, for the years 1928 and 1929. That the receiver thereupon filed a petition in this cause asking the court for advice as to payment of said taxes out of the funds in the hands of the receiver, and this hearing was had and this order is made in the premises upon said hearing. Upon said hearing the court being of the opinion that the said motions of said tax collectors should be allowed and that said taxes should be paid. After finding the facts above and other facts unnecessary to set forth, but which will be referred to in the questions involved, the court below rendered the following judgment:

"It is now, ordered, adjudged and decreed that the receiver herein pay forthwith any and all taxes due the county of Buncombe, together with all interest, costs, penalties and charges thereon and claimed by said tax collector of the county of Buncombe, as hereinbefore set forth, to the tax collector of the said county of Buncombe, and pay forthwith any and all taxes due the city of Asheville and claimed by the tax

collector of said city of Asheville, as hereinbefore set forth, together with all interest, costs, penalties and charges thereon, to the tax collector of the said city of Asheville, out of the moneys and assets in the hands of said receiver."

The Wachovia Bank and Trust Company excepted to the judgment, assigned error and appealed to the Supreme Court.

*Bourne, Parker, Arledge & DuBose for Wachovia Bank and Trust Company.*

*Sale, Pennell & Pennell for John E. Thayer, Receiver.*

*Heazel, Shuford & Hartshorn for Federal Mortgage Company, Fred A. Hull, Tax Collector for Buncombe County, and Grady Reagan, Tax Collector for city of Asheville.*

CLARKSON, J. We think the record bears out the statement of the question involved, as follows: Is the receiver of an insolvent corporation required by law to pay the taxes on land, some of which was formerly owned by the said corporation, but disposed of more than a year before its insolvency, and the rest of which was owned by said corporation at the time the receivership was created, and which is heavily mortgaged and admittedly not an asset of said defendant corporation when all of said lands have been sold by the tax collectors, and the tax sales certificates therefor bought by the municipal and county authorities for amounts exactly equal to the taxes, penalties, interest and cost, and the tax collectors duly given credit for the purchase price of said tax sales certificates in the settlement with such authorities? We think not under the facts and circumstances of this case.

C. S., 2815: "The lien for taxes levied for any and all purposes in each year shall attach to all the real estate of the taxpayers within the city on the first day of May annually, and shall continue until such taxes, with any penalty and costs which shall accrue thereon, shall be paid. *But there shall be no lien for taxes on the personal property of the taxpayer but from a levy thereon.*" (Italics ours.) C. S., 7986, 7987; *Carstarphen v. Plymouth,* 186 N. C., 90; *Chemical Co. v. Williamson,* 191 N. C., 484; *Shaffner v. Lipinsky,* 194 N. C., 1. See Public Laws 1929, ch. 306.

C. S., 8006, as amended by chapter 221, Public Laws 1927, is as follows: "The personal property of the taxpayer shall be levied upon and shall be sold for the satisfaction of his taxes before resorting to his real estate, if sufficient personalty subject to levy and sale can be found in the county of the sheriff having the tax list in hand; *Provided,* it shall be incumbent upon the taxpayer, mortgagee or other lien holder on taxpayer's realty, if said mortgagee or other lien holder has notified the

sheriff that he holds such mortgage or other lien, to point out to the sheriff personalty out of which the taxes may be made or else such tax-payer shall forfeit his rights under this section and his real estate shall be subject to the lien for taxes as if no other property had been listed by him." Before the sale of the realty, for taxes, the Federal Mortgage Company did not point out personalty out of which the taxes may be made. *Craven Co. v. Parker,* 194 N. C., 561.

C. S., 1220, provides that corporate property in receivers' hands is liable for taxes. C. S., 8003—Fiduciaries to pay taxes. C. S., 7985—A creditor's bill can be instituted to enforce collection of taxes by the sovereign. *S. v. Georgia Company,* 112 N. C., 34.

The whole matter is statutory. There can be no lien on personal property but from the levy; on real estate the lien will attach each year from the date provided by statute and shall continue until the taxes with penalty and costs shall be paid, unless there is some statute of limitations to the contrary applying to the sovereign. The tax lien can be enforced by action to foreclose under section 7990 and no statute of limitation applies to the sovereign in such action. *New Hanover Co. v. Whiteman,* 190 N. C., 332.

The law is full, clear and explicit that taxes are a primary burden on property and must be paid. The question in this action seems to be who shall pay these taxes—the Wachovia Bank and Trust Company and other creditors of defendant, or the Federal Mortgage Company? This appears to be more of a controversy between these parties than the sovereign. The sovereign seemed satisfied with the tax certificates. The tax collector only acted in the premises at the instance of the Mortgage Company under a statute that the Mortgage Company invoked. It may be noted that this was done after the tax collectors had sold the land. This is not an action by the sovereign. In *New Hanover County v. Whiteman, supra,* at p. 333, a distinction is drawn between C. S., 7990, where the sovereign sues to foreclose a *tax lien* no statute of limitation applies, and C. S., 8037. It is there said: "Counties and other municipal corporations may proceed under C. S., 8037, *if they shall so elect,* when the tax-sale certificates, or tax deeds, held by them, remain unredeemed. . . . This statute expressly provides that it may be invoked by those who elect to proceed thereunder, *and when election is made to sue under C. S., 8037, the limitations therein prescribed apply,* and the benefits accrue." (Italics ours.) Chapter 221, Public Laws 1927, sec. 3, repeals C. S., 8028, 8029, 8030, 8031, 8032, 8033, 8034, 8035, 8036 and 8037, and substitutes a new C. S., 8037, but this does not affect the construction as placed on the former in the above decision.

SHALE PRODUCTS CO. *v.* CEMENT CO.

C. S., 8037, as substituted, reads as follows: "Every holder of a sheriff's certificate of sale of real estate for taxes shall have the right of lien against all real estate described in the certificate as in case of mortgage, and shall be subrogated to the rights of the State, and of the county, or other municipal corporation for the taxes for which such real estate was sold, and shall be entitled to a judgment for the sale of such real estate for the satisfaction of whatever sums may be due to him upon such certificate of sale. . . . *Such relief shall be afforded only in an action in the nature of an action to foreclose a mortgage,* which action must be commenced as herein provided. Such actions shall be governed in all respects as near as may be by the rules governing actions to foreclose a mortgage. . . . Every county or political subdivision of the State, which is now, or may hereafter become, the holder by purchase at sheriff's sale of land for taxes of any certificate of sale, shall bring action to foreclose the same within 18 months from the date of the certificate. . . . All certificates of sale evidencing purchases by counties shall immediately, upon being allowed as a credit in the settlement with the sheriff of the county, be delivered to the county accountant, county auditor, or other officer, specifically designated by the board of county commissioners, or other governing board of the county, except sheriff or tax collecting officer, and it shall be the duty of the officers, or such officer designated, to collect the same." (Italics ours.) See Public Laws 1929, chap. 204 and 334. *Orange County v. Jenkins, ante,* 202.

C. S., 8028, as substituted by chapter 221, Public Laws 1927, provides: "*Every county, person, firm or corporation, private or municipal,* who has purchased any lands or interest in the same, at any tax sale, as evidenced by sheriff's certificate of sale, shall have the right of foreclosure of said certificate of sale by civil action, and *this shall constitute his sole and only remedy* to foreclose the same." (Italics ours.)

The city and county pursued the statutory remedy given of selling the real estate for taxes (except the city tax of 1929, which the receiver will have to pay), and had the property sold. The property was purchased by the city and county, and certificates issued.

The city and county, for the taxes due on the land of defendant, did not levy on the personal property of the defendant to pay the taxes, as it had a right to do; but the land was advertised and sold under the other statutes in force; and at the sale the city and county were the purchasers for the amount of taxes due by defendant with interest, penalty and costs, and certificates were duly issued. This remedy was pursued and the city and county are now the holders of the certificates for the taxes due by defendants, which is a first lien on the land. The tax collectors, in settling up their tax books were allowed credit for the

amount of said taxes. No cash was paid, but credit allowed in settlement for the taxes due by the tax collectors.

We think that under the facts and circumstances of this case, the remedy of foreclosure must be pursued. The city and county have a statutory mortgage on the land, which can be foreclosed as the ordinary mortgage. *S. v. Georgia Company, supra,* is distinguishable from the present case.

For the reasons given, the judgment of the court below is

Reversed.