LANTZ'S ESTATE *v.* McDANIEL.

[No. 14,740. Filed April 27, 1934. Rehearing denied October 1, 1934.]

*A. E. Fisher,* for appellant.

*Terry & Thurston,* and *E. W. McDaniel,* for appellee.

SMITH, J.—This is an appeal from a judgment in favor of appellee upon a claim filed against the estate of Nettie M. Lantz for taxes paid by appellee upon certain lands, in which said Nettie M. Lantz had a life estate and the appellee was the owner of the fee.

The complaint was in one paragraph, and alleged that one Nettie M. Lantz in her lifetime become the owner of a life estate in certain farm lands in Rush County, Indiana, and that the appellee was the owner of the fee simple title therein, subject to said life estate; that said Nettie M. Lantz was in possession of the real estate, and collected the rents and proceeds therefrom; that, on the first day of March, 1929, while said Nettie M. Lantz was in possession of the land and receiving such rents and proceeds, the land was properly assessed in her name for taxes for the year 1929; that she collected as rents and proceeds from the lands in the year 1929 more than $1,000; that, at the time of her death on November 2, 1929, she was the owner of personal property of more than $5,000 and real estate of more than $8,000 in value; that the taxes assessed for the year 1929, accrued and became a lien upon said lands on the first day of March, 1929, and that all acts of taxing and assessing officers were completed prior to the first day of October, 1929; that the first installment of the taxes of 1929 became due and payable on the 5th day of May, 1930, in the sum of $192.66; that the executrix of the estate of Nettie M. Lantz, deceased, refused to pay said installment of taxes, and denied liability therefor, so appellee paid it to avoid delinquency thereof.

Appellant filed a demurrer to this complaint, which was overruled.

The special finding of facts is not challenged; and the exceptions to each conclusion of law present all ques-

tions arising upon the pleadings, and make it unnecessary to consider the ruling upon the demurrer. *City of Huntington et al.* v. *Sonken* (1929), 89 Ind. App. 645, 165 N. E. 449; *Fry et al.* v. *Hare et al.* (1906), 166 Ind. 415, 77 N. E. 803.

Appellant filed answer in three paragraphs: (1) A general denial; (2) an affirmative answer setting up that Nettie M. Lantz in her lifetime sowed clover seed and fertilizer and wheat upon the land during the year 1929, and received no benefits therefrom, but that the appellee received such benefits; (3) what, in effect, was an argumentative denial setting up that the estate of Nettie M. Lantz was not liable for these taxes because she departed this life on the 2d day of November, 1929, and that the State Tax Board of Indiana did not fix the final rate for taxes until the 16th day of November, 1929, which was after the death of said Nettie M. Lantz; that said Nettie M. Lantz departed this life before said taxes had been levied and assessed.

To the second and third paragraphs of answer, appellee filed a reply in general denial.

The court, upon request, made a special finding of facts and stated its conclusions of law thereon.

This special finding of facts was, in substance, that the deceased Nettie M. Lantz owned the life estate in the 160 acres of lands described in the complaint, and was the owner of such life estate on the first day of March, 1929; that, on the first day of March, 1929, and continuously thereafter, the appellee was the owner of the fee simple title to said real estate, subject to said life estate; that said Nettie M. Lantz died testate on the 2d day of November, 1929; that her will was duly admitted to probate, and Grace D. Stroup, the appellant herein, was duly appointed executrix; that Nettie M. Lantz, in her lifetime and while in possession, received as income from said land more than $1,000 for the year 1929,

after March 1 of that year; that said Nettie M. Lantz sowed clover seed, fertilizer, and wheat upon said land during the year 1929, and the appellee harvested the crop of wheat, and received the full benefit therefrom in the year 1930; that the State Board of Tax Commissioners made its findings and judgment fixing the tax rates for the year 1929 on the 16th day of November, 1929, for taxes due and payable in the year 1930; that on the first day of March, 1929, the taxes for said year were duly and legally assessed against said real estate and were payable in the year 1930, and in the year 1930 were duly entered upon the tax duplicates of Rush County; that the first installment of taxes for the year 1929 became due and payable on the 5th day of May, 1930, and the appellant refused to pay the same; that, in order to avoid delinquency, appellee paid the first installment to protect the interests; that the appellant is indebted to the appellee for said first installment of taxes so paid, together with interest thereon, in the sum of $217.33.

Upon the finding of facts, the court rendered the following conclusions of law: (1) That the law is with the appellee; (2) that the appellee is entitled to recover of the appellant the sum of $217.33; (3) that the appellee recover costs.

Upon these conclusions of law, the court rendered judgment for appellee and against appellant for said sum. Exceptions were reserved to each of the conclusions of law, and are assigned as errors in this case, and properly present all questions raised.

The question to be determined in this case is, Is the estate of Nettie M. Lantz, owner of the life interest, liable for the taxes for the year 1929 upon said land?

Appellant contends that these taxes were not due and payable until after the State Tax Board had made the final levy, and that this was on November 16, 1929,

after the death of the life tenant, and that the life tenant is liable only for such taxes as became *due and payable* in her lifetime.

Appellee contends that the life tenant is liable for all taxes that are levied and accrue during the lifetime of the life tenant, provided she derives sufficient income from the land during such year with which to pay the same.

The special finding of facts shows that Nettie M. Lantz, the life tenant, received more than $1,000 income and revenue from the farm during the year 1929.

We hold, under the special finding of facts in this case, that the life tenant is liable for these taxes because they accrued and became a lien upon the land during her lifetime, and, the life tenant having died before such taxes became due and payable, her estate was liable therefor. To sustain this position, we quote from our own court in the case of *Barnum* v. *Rallihan et al.* (1916), 63 Ind. App. 349, 358, 112 N. E. 561:

> "Where taxes have accrued upon the real estate of a person before his death, they become a charge against him, as well as a lien upon all his property, and such taxes should be paid by his executor or administrator out of the personal estate if sufficient for that purpose. Taxes which accrue on real estate after the death of the owner are not a charge against him in his lifetime, his estate is not liable therefor, and his administrator or executor is not required to pay them.
>
> "By the statute the taxes for each year attach and become a lien upon both real and personal property on the first day of March annually, though the same are not due and payable until the following year, and will not become delinquent until after the first Monday in May. While not expressly so stated, our decisions seem to treat all taxes as accruing on the first day of March when the lien thereof attaches to the property assessed. *Cullop* v. *City of Vincennes* (1904), 34 Ind. App. 667, 670,

72 N. E. 166; *Henderson* v. *Whitinger* (1877), 56 Ind. 131; *Graham* v. *Russell* (1898), 152 Ind. 186, 193, 52 N. E. 806; *Elliott* v. *Cale* (1888), 113 Ind. 383, 404, 14 N. E. 708, 16 N. E. 390; *Cones* v. *Wilson, supra* [14 Ind. 465]; *Schrodt* v. *Deputy* (1882), 88 Ind. 90, 92; *Smith* v. *Kyler* (1881), 74 Ind. 575, 586.

"The taxes which accrued and became a lien upon the testator's undivided one-half of the aforesaid northwest quarter section of real estate on March 1, 1910, prior to his death, were a claim against him, and should have been paid by the executrix out of his personal estate."

In the case of *Nation* v. *Green, Exr.* (1919), 188 Ind. 697, 123 N. E. 163, our Supreme Court had under consideration a similar question in which that Court said, "The fact that the grantor retained a life estate and possession of this land did not require more than that the life tenant pay the taxes *assessed* during her life tenancy, provided she derived income therefrom sufficient." The court, in the Nation case, *supra*, held that the life tenant was not liable for the taxes because she did not receive the income therefrom during that year; that she died within twenty days after she acquired the life estate.

"As a general rule, the liability for taxes is upon the person who is the owner of the property at the time the taxes accrue." Vol. 3, Cooley on Taxation, 4th Ed. §1260, p. 2510.

"To accrue" has been defined in Webster's New International Dictionary as "to come into existence as an enforceable claim; to vest as a right."

The language employed in the Barnum case, *supra*, seems to us to settle this proposition, for it states that the decisions seem to treat all taxes as "accruing on the first day of March when the lien thereof attaches to the property assessed."

Therefore, in the instant case, the taxes for the year 1929, having become a lien upon March 1 of that year,

under the authority just quoted, accrued upon that date.

The appellant's contention that it is the duty of the appellee to pay the taxes on this real estate because they were "levied and assessed" after the death of the life tenant and after the termination of the life tenancy, is not well taken. These taxes were assessed prior to the death of the life tenant, and on the first day of March, 1929, as specifically found by the special finding of facts. The date of levying the taxes makes no difference as to the liability of the life tenant or her estate in this case, for, under the Barnum case, *supra*, the question of liability is fixed from the time that they became a lien and accrued, which was on the first day of March, 1929. The decisions of the courts of appeal of our state support this proposition, and we are bound to so hold.

The court did not err in rendering its conclusions of law.

Judgment affirmed.