PEOPLES LOAN AND SAVINGS BANK v. MRS. J. A. KING.

(Filed 3 November, 1937.)

**1. Drainage Districts § 2—**

Where one of three drainage commissioners dies, the two surviving have authority, until the election and qualification of their successors, to levy an additional assessment against the lands of the district necessary to discharge the obligations of the district, C. S., 5339 (4).

**2. Drainage Districts § 9—Lands of drainage district are liable to assessments necessary to repay money properly used for benefit of district.**

An additional levy of assessments against lands in a drainage district is valid when necessary to repay money borrowed by the district and

properly used by it in draining the lands within the district, and it is immaterial that the district borrowed money in excess of the amount of the authorized bond issue when the balance of the debt necessitating the levy of the additional assessments is less than the amount borrowed in excess of the authorized bond issue, and the court finds that part of the money borrowed was used to pay interest on the indebtedness of the district, and that all amounts borrowed were properly used for the benefit of the district.

APPEAL by defendant from *Pless, J.,* at May Term, 1937, of IREDELL. Judgment affirmed.

Action to foreclose certificate of sale of land for drainage assessment.

At the trial certain facts were agreed upon, and it was further agreed that the court, without the intervention of the jury, should find such additional facts as were necessary for the determination of the controversy. The material facts agreed to and found by the court may be concisely stated as follows:

The Fourth Creek Drainage District of Iredell County was duly organized, under applicable statutes, in 1911, and a bond issue of $25,000 authorized. The drainage commissioners being unable to sell the bonds at their face value, borrowed from the First National Bank of Statesville $25,000 and later increased the debt to $32,500, and placed the $25,000 of bonds with the bank as collateral. All of the proceeds of the loan were used by the commissioners for draining and ditching the lands in the district and for the payment of interest from time to time.

The present indebtedness to the plaintiff, Peoples Loan and Savings Bank, is in the principal sum of $6,960.06, and constitutes the balance due for money borrowed by the drainage commissioners to pay the debt to the First National Bank. The original bonds are now held by the plaintiff. The debt of plaintiff was reduced to judgment in January, 1933. To discharge the judgment the two surviving commissioners in 1934 levied an assessment upon the lands embraced in the district. The defendant owns 23.86 acres of land within the district and the assessment levied on her land was $68.29.

At the time of the organization of the district the three commissioners elected were qualified to act. Since then there has been no election of commissioners to replace them, and one of the commissioners has died, and the other two had ceased to own land in the district at the time the assessment was levied by them as commissioners.

It was admitted that the assessment roll was filed with the clerk of the Superior Court, the treasurer of Iredell County and the sheriff, and that the sheriff notified the defendant of the assessment. No written notice was given by the county treasurer to the drainage commissioners or to the clerk of the court.

The trial judge held that under C. S., 5339 (4) the surviving commissioners were authorized to discharge the necessary duties of the board until the vacancy caused by the death of a member was filled, and that their acts were valid and binding on the district; that the borrowing of money from the banks and the use of the bonds as collateral was irregular, "but the proceeds of the loans were used for the valid objectives contemplated by the Drainage Act, and that no question having been raised as to the validity of said obligation for a period of some twenty years, and no action brought to invalidate the transaction, and judgment having been procured more than two years prior to the institution of this action, it would constitute an inequity and injustice to the plaintiff to permit the defendant and other landowners to obtain and accept the benefit of said loans without liability therefor."

It was thereupon adjudged that the assessment against the land of defendant for the purpose therein set out constituted a specific lien on said land in the amount of $68.29, and that plaintiff was entitled to foreclose its certificate of sale made pursuant thereto. Defendant appealed.

*P. P. Dulin and Robert A. Collier for plaintiff, appellee.*
*Jack Joyner, W. R. Battley and Lewis & Lewis for defendant, appellant.*

DEVIN, J. The ruling of the court below must be affirmed. The action of the two surviving drainage commissioners, until their successors were elected and qualified, was within the powers conferred by the Drainage Act. C. S., 5339 (4).

There was no suggestion of lack of good faith on the part of the commissioners, or that the plaintiff's debt was otherwise than for money which had been borrowed and properly used for the draining of the lands within the district. The obligation was incurred for the benefit of the lands embraced in the district, and upon these lands the law imposed liability therefor.

The fact that $7,500, in addition to the amount of the authorized bond issue, was borrowed by the district for drainage purposes, becomes immaterial in view of the fact that the total indebtedness has been reduced, as assessments were collected, to $6,960.06, and the finding by the court that a part of the loan was used for the payment of interest from time to time (*Carter v. Comrs.,* 156 N. C., 183, 72 S. E., 380), and that all of the proceeds of the loans were used for draining and ditching the lands in the district.

In *Bank v. Watt,* 207 N. C., 577, 178 S. E., 228, the question of the liability of lands within this same drainage district to further assessment

was considered, in connection with the present plaintiff's judgment for the balance due on its loan to the drainage commissioners, and it was there said, "It is obvious that the drainage statutes impose liability upon land within the district until the original bond issue for making the improvements or indebtedness incurred therefor has been paid."

Judgment affirmed.