JOHN M. COBLE v. J. T. DICK.

(Filed 21 December, 1927.)

**Deeds and Conveyances—Warranty—Encumbrances—Municipal Corporations—Street Improvements—Liens—Statutes—Mortgages—Actions.**

Assessments made upon the property of the owner for street and sidewalk improvements by a town, and in all respects under the authority conferred on the municipality by statute, extending in partial payments over a designated period of time, are to be regarded in the nature of a statutory mortgage when due and payable, and constitute liens on the property within the warranty clause against encumbrances contained in a deed, and recoverable in the grantee's action against the grantor to the extent he has been required to pay them. C. S., 2713, 2716, 2717.

APPEAL by defendant from *Barnhill, J.,* at September Term, 1927, of ALAMANCE. Affirmed.

The following is agreed statement of facts:

"1. That the plaintiff, John M. Coble, purchased from the defendant, J. T. Dick, a building lot in the town of Mebane, N. C., on 31 March, 1924, and the defendant executed to the said John M. Coble deed for a consideration, said deed containing full covenants and warranties against all encumbrances whatsoever.

"2. That prior to the execution of the aforesaid deed street and sidewalk assessments had been legally and regularly levied against the property conveyed in said deed; that annual installments for a ten-year period had been authorized by the city of Mebane; that said installments were $23.46 each, plus interest computed annually.

"3. That the installment of 15 January, 1924, was paid by the defendant, and since that time the plaintiff has paid the sum of $67.34, and this action is brought for the recovery of the sum of $67.34, the amount plaintiff has already paid on said assessment; that plaintiff's cause of action is based upon the warranties contained in said deed against all encumbrances.

"4. That the assessment-roll went into effect on 15 July, 1922, and that all annual installments accruing prior to the date of said conveyance had been paid by the defendant, J. T. Dick.

"5. That the assessment was made by the town of Mebane, N. C., under the act of the Legislature of North Carolina, known as local improvement statutes. and under municipal finance acts as set forth in chapter 56 of the Consolidated Statutes of North Carolina, and was regularly and properly made.

"6. It is agreed that the entire question is whether such assessment is an encumbrance as contemplated or included in the warranty."

The judgment, in part, is as follows: "The court being of the opinion that the street assessment lien set out in said agreed statement of facts constitutes an encumbrance within the meaning of the warranty clause in said deed from the defendant to the plaintiff: it is ordered, considered and adjudged that the plaintiff recover of the defendant, J. T. Dick, the sum of $67.34, together with interest," etc.

*John J. Henderson for plaintiff.*
*Thomas C. Carter for defendant.*

CLARKSON, J. C. S., 2713, in part, is as follows: "Whenever the governing body shall confirm an assessment for a local improvement, the clerk of the municipality shall enter on the minutes of the governing body the date, hour and minute of such confirmation, *and from the time of such confirmation the assessments embraced in the assessment roll shall be a lien on the real property against which the same are assessed, superior to all other liens and encumbrances."* (Italics ours.)

C. S., 2716, provides that payment of assessments can be in cash or by installments.

C. S., 2717, provides how the payment can be enforced.

In *Kinston v. R. R.,* 183 N. C., p. 14, it is termed a "statutory mortgage." *Bank v. Watson,* 187 N. C., p. 107.

In *Hahn v. Fletcher,* 189 N. C., at p. 732, it is said: "From the facts found the covenant in plaintiff's deed was 'against encumbrances.' When defendant delivered the deed to plaintiff, this covenant was broken with the street assessment—a lien or a statutory mortgage on the land. Plaintiff could have at once sued for the breach." In *Farrow v. Ins. Co.,* 192 N. C., p. 148, this encumbrance was held not such as to defeat insurance policy under sole ownership clause. It will be noted in the *Hahn case, supra,* the action was tried out on the theory that the justice of the peace court had no jurisdiction. It was so held—technical but legal. See *Comrs. v. Sparks,* 179 N. C., p. 581.

In the present action the agreed statement of fact sets forth, "It is agreed that the entire question is whether such assessment is an encumbrance as contemplated or included in the warranty." We are not disposed *ex mero motu* to dismiss the action for want of jurisdiction.

Upon the facts agreed upon in this case the street assessment lien is an encumbrance within the meaning of the warranty clause in the deed from defendant to plaintiff. The judgment of the court below is
Affirmed.