FIRST AMERICAN FEDERAL SAVINGS AND LOAN ASSOCIATION v. W. RICHARD ROYALL, C. BRANTLEY TILLMAN AND JOHN W. WINTERS, PARTNERS TRADING AS FALLS NORTH ASSOCIATES

No. 8410SC1268

(Filed 1 October 1985)

**Deeds § 24— failure to construct water line—violation of covenant against encumbrances**

Summary judgment was properly entered for plaintiff in an action arising from the sale of a subdivision lot to plaintiff by defendant developers where defendants violated the covenant against encumbrances in both the option contract and the warranty deed by failing to construct a water line required by the City for a certificate of occupancy. The City had the authority to withhold issuance of a final certificate of compliance allowing occupancy pending completion of the water line, it was the obligation of defendants to install the water line, and the requirement that a water line be constructed before a grantee may occupy property fits the definition of an encumbrance. G.S. 1A-1, Rule 56, G.S. 160A-411 (1982), G.S. 160A-423 (1982).

APPEAL by defendants from *Barnette, Judge.* Judgment entered 11 July 1984 in Superior Court, WAKE County. Heard in the Court of Appeals 5 June 1985.

*Merriman, Nicholls, Crampton, Dombalis & Aldridge, P.A., by William W. Merriman, III, and W. Sidney Aldridge, for plaintiff appellee.*

*Brown & Campbell, by C. K. Brown, Jr., for defendant appellants.*

BECTON, Judge.

I

Plaintiff, First American Federal Savings & Loan Association (First American), filed this action against defendants, Richard Royall, Brantley Tillman, and John Winters (developers), seeking recovery based on breach of the covenant against encumbrances, misrepresentation and breach of contract for failure to install a certain water line as promised by developers to the City of Raleigh (City). The developers answered, admitting that they had conveyed the property in question to First American, but denying that they had agreed to install the water line. First American moved for summary judgment. The motion was granted, and the

trial judge awarded First American $12,568.63, the alleged cost of having the water line installed, plus interest.

Defendant developers appeal, contending that there were genuine issues of fact concerning the obligation and responsibility of the developers for installing the water line required by the City, and that therefore First American was not entitled to judgment as a matter of law for the cost of constructing the water line. For the reasons set forth below, we conclude that the trial court properly entered summary judgment, and we affirm.

II

The following facts are undisputed. Sometime prior to January 1979, defendant developers acquired a 6.75 acre tract of land in Raleigh, North Carolina, which they proposed to subdivide into nine lots. The developers apparently undertook to develop the property; the evidence shows that they installed a sidewalk. On or about 27 July 1979, developers and First American entered into an option contract to purchase lot one of the subdivision. The contract provided, *inter alia*, that the developers would provide "water and sewer . . . to the subject site." It also provided that developers would convey to First American, by warranty deed, a title "free and clear of all encumbrances."

Prior to 6 November 1979, the developers applied for subdivision approval from the City of Raleigh for a development to be called North Plaza Office Park. At the Raleigh City Council meeting of 6 November 1979, the subdivision plan was presented to the City Council for approval. The City Council minutes pertaining to the plan state, in part, "the developer shall install the water system within the project in conformance with City Standards and Policies, including extension of a 12-inch water line in Falls of the Neuse Road approximately 950 feet to connect with the existing 24-inch line in Bland Road." These minutes also reflect that the subdivision plan was then approved by the Council. On 1 February 1980, the sale was closed, and developers delivered to First American a general warranty deed providing that "title is marketable and free and clear of all encumbrances."

At this point, a conflict in the evidence arises. First American contends that at the closing its attorney asked developers' attorney and one of the developers for assurances that, besides the

installation of the sewer, which the developers had agreed to complete, there would be no additional or further assessments, liens or obligations to the City for water and sewer. First American contends such assurances were given; the developers deny this. First American then undertook to construct an office building and a savings and loan branch on lot one. It contends that in constructing the building it connected to an existing water line running down Bland Road. However, after construction was completed, First American was advised by the City that a certificate of occupancy would not be issued until a 12-inch water line was constructed to connect to an existing 12-inch line at an adjacent shopping center and a 24-inch line on Bland Road. First American then made demand upon the developers to install the water line, maintaining that the developers had entered into an agreement with the City to do so. Developers refused, stating that the option contract with First American only required them to provide water to the subject site and that they had done so. First American thereupon had the water line installed in order to obtain a certificate of occupancy, and they sued the developers for the cost of installation.

### III

The oft-repeated test to determine whether a moving party is entitled to summary judgment is whether, on the basis of the materials presented to the court, there is any genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. N.C. Gen. Stat. Sec. 1A-1, Rule 56 (1983). The developers' primary contention is that a disputed question of material fact exists concerning their obligation to extend the water line. We conclude, however, that this issue is resolved as a matter of law.

One condition of the option contract with First American was that water and sewer were to be provided to the subject site. The developers contend that they complied fully with this contractual provision and that the evidence shows water was available to lot one. Indeed, First American does not dispute this. The heart of the developers' position is that there is a dispute regarding whether the developers represented that there would be no further obligation regarding water service on First American's part. First American concedes that the facts are disputed on this point.

First American argues that this factual dispute is non-material; that is, it does not affect the outcome of the case. *See NCNB v. Gillespie*, 291 N.C. 303, 310, 230 S.E. 2d 375, 379 (1976); *Kessing v. Nat'l Mtg. Corp.*, 278 N.C. 523, 534, 180 S.E. 2d 823, 830 (1971) (immaterial question of fact does not preclude summary judgment). Specifically, First American's position is that the sale of the land by the developers with the outstanding requirement to construct a 12-inch water line was, as a matter of law, a breach of the covenant against encumbrances contained in both the option contract and the deed from developers to First American.

N.C. Gen. Stat. Sec. 160A-411 (1982) authorizes cities in North Carolina to create inspection departments to perform the duties listed in N.C. Gen. Stat. Sec. 160A-412 (1982), including enforcing state and local laws relating to the construction of buildings, installation of facilities, and maintenance of buildings. N.C. Gen. Stat. Sec. 160A-423 (1982) provides, *inter alia*, no completed building shall be occupied until a certificate of compliance is issued pursuant to a final inspection stating that the structure complies with all applicable State and local laws. *See also* Raleigh, N.C., Code, Sec. 10-6024 (1984) (detailing inspection procedures). The Raleigh, N.C. Code, Sec. 8-2004 (1985) provides:

> All water and sewer connections in new subdivisions shall be the responsibility of the developer and at his expense in accordance with city standards and specifications.

Section 10-3054(a) (1985) of the Raleigh Code provides:

> When a subdivision is within the corporate limits of the city, the subdivider shall connect with the water system of the city in accordance with this Code so as to provide water service to every lot within the subdivision.

Turning to the undisputed facts of this case, we first find that the extension of the existing water line was not necessary to provide water service to lot one, but it would be required in order to provide water to several other lots within the subdivision. The excerpt from the minutes of the 6 November 1979 Raleigh City Council meeting shows that the developers represented to the Council that they would complete this extension of the water line between Falls of the Neuse Road and Bland Road. The record also contains a letter dated 16 February 1982

First American Federal Savings and Loan Assoc. v. Royall

from Raleigh's Assistant Public Utilities Director to First American. The letter states that the approved subdivision plan for North Plaza Office Park called for the extension of the water main to tie into Bland Road, and until the water line were so extended, a final certificate of occupancy for the savings and loan building would not be issued.

The above-cited provisions of the Raleigh City Code and of our General Statutes make it clear that the City had the authority to withhold the issuance of a final certificate of compliance allowing occupancy of the building pending completion of the water line. The cited law makes it equally clear that it was the obligation of the defendants alone, as the subdividers and developers of the land, to install the water line. This duty, imposed upon the developers by law, was reinforced by their promises to the Raleigh City Council.

The final question, then, is whether this outstanding obligation to the City constituted a violation of the covenant against encumbrances contained both in the option contract and in the warranty deed. We answer this question affirmatively.

> By the covenant against encumbrances a grantor of land gives to his grantee security against any outstanding right to, or interest in, the land granted which may subsist in third persons to the diminution of value of the estate conveyed, although consistent with the passing of the fee. An encumbrance, within the meaning of such a covenant, is any burden or charge on the land and includes any right existing in another whereby the use of the land by the owner is restricted.

*Gerdes v. Shew*, 4 N.C. App. 144, 148, 166 S.E. 2d 519, 522 (1969) (citation omitted); *accord Abernathy v. Stowe*, 92 N.C. 213 (1885) (encumbrances have some foundation in right, such as would require an expenditure of money to remove them).

Although we have discovered no North Carolina cases on this particular point, we have no trouble fitting the requirement that a water line be constructed before a grantee may occupy property into the definition of an encumbrance. *See Coble v. Dick*, 194 N.C. 732, 140 S.E. 2d 745 (1927) (an assessment for street improvements is a lien, according to Gen. Stat. Sec. 2713 (now part

of N.C. Gen. Stat. Sec. 160A-228 (1982) ), and this constitutes an encumbrance upon the land; the covenant against encumbrances in warranty clause of deed was broken upon delivery of deed to plaintiff, and plaintiff had immediate cause of action for breach); *see also City of Winston-Salem v. Powell Paving Co.,* 7 F. Supp. 424 (M.D.N.C. 1934), *modified on other grounds, United States v. City of Greenville,* 118 F. 2d 963, 966 (4th Cir. 1941). *See generally* Webster's Real Estate Law in North Carolina, Sec. 217 (Hetrick rev. ed. 1981) (containing examples of encumbrances).

Therefore, we conclude that on the undisputed facts of this case, the defendant developers were legally obligated to install the water line in question, and their failure to do so constituted a violation of the covenant against encumbrances. Whether the developers made additional representations to First American that the latter would incur no further expenses with respect to water service to the property is irrelevant to the resolution of this case. As First American is entitled to judgment on the undisputed facts, no issue remains to be tried. Summary judgment was proper.

Affirmed.

Judges PHILLIPS and EAGLES concur.